CHARLES RAY CONSIDINE AND THALIA K. CONSIDINE, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5063–73. Filed April 21, 1977.

*William Lee McLane* and *Nola McLane*, for the petitioners.
*Joseph T. Chalhoub* and *G. W. McDonald*, for the respondent.

OPINION

SCOTT, *Judge:* On January 13, 1977, petitioners filed a motion for partial summary judgment in which they requested this Court to rule "that Petitioner Charles Ray Considine's conviction under Section 7206(1) for the taxable year 1969 for wilfully making and subscribing a false or fraudulent return is not admissible evidence to prove underpayment of a

tax for 1969 due to fraud under Section 6653(b)."[1] At the time this motion was filed, respondent's answer contained no allegations with respect to Mr. Considine's conviction under section 7206(1). However, on February 11, 1977, respondent filed a motion for leave to file amendment to answer and on February 28, 1977, petitioners filed a statement that they had no objection to the filing of respondent's amendment to answer. Therefore the amendment to answer lodged on February 11, 1977, was filed on March 2, 1977, the date petitioners' motion came on for hearing.

In the amendment to answer respondent alleged that petitioner Charles Ray Considine was collaterally estopped by his conviction under section 7206(1) for willfully and knowingly making and subscribing a false income tax return for the year 1969 to deny that his 1969 return was fraudulent and that he received capital gains properly reportable by him in 1969 which he did not report on his 1969 return.[2]

---

[1] All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise so stated.

[2] The complete additional allegations made by the amendment to answer are as follows:

8. FURTHER ANSWERING the petition and in support of the determination that a part of the underpayment of tax required to be shown on the income tax return of the petitioner Charles Ray Considine for the taxable year 1969 is due to fraud by petitioner Charles Ray Considine, the respondent affirmatively relies upon the doctrine of collateral estoppel (estoppel by judgment) and alleges:

(a) Charles Ray Considine, petitioner herein, is the same person who was the defendant in the criminal case of U.S. v. Charles Ray Considine, (United States District Court for the Southern District of California, Criminal Docket No. 13170) 74–2 U.S.T.C. par. 9639 (1973) and affirmed by the 9th Circuit on November 21, 1973, cited at 74–2 U.S.T.C. par. 9846 (1973). Certiorari to the Supreme Court denied in 416 U.S. 970 (1974). The judgment entered in this case is final.

(b) The respondent herein is a party in privity with the United States of America, the prosecuting party in the aforesaid case in which petitioner Charles Ray Considine herein was the defendant.

(c) Count 4 of the indictment filed in said criminal case, as set forth in the United States District Court's Findings of Fact and Conclusions of Law, paragraphs 14 and 15, sets forth the following charge against the defendant Charles Ray Considine, the petitioner herein:

"14. The defendant having assigned in 1969 the Capri trust deed and note for face value of $225,000 in partial satisfaction of the malpractice judgment realized income therefrom and was required in 1969 to report capital gains in the amount of $98,357.87. The defendant knowingly did not report, in any manner, income received on the assignment of said note and trust deed.

"15. Defendant willfully made and subscribed his 1969 tax return which contains his written declaration that it is made under penalty of perjury. He did not believe the return to be true and correct in that he reported net long term capital gains of $3,446, whereas, as he then and there well knew, he was required to report additional capital gains in the amount of $98,357.87 received on the assignment of the note and trust deed making the required reportable net long term capital gain $101,803.87."

At the hearing held on March 2, 1977, petitioners' attorney orally requested that since an amendment to answer had been filed, the motion of petitioners for partial summary judgment be considered to be a motion for a determination by this Court that petitioner Charles Ray Considine's conviction under section 7206(1) for the taxable year 1969 did not collaterally estop him from denying that no part of any underpayment of tax required to be shown on a return for 1969 was due to fraud or relieve respondent in any way of his burden of proof that a part of any underpayment of tax required to be shown on the 1969 return was due to fraud. Counsel for petitioners agreed that for the purposes of acting on petitioners' motion the facts with respect to Mr. Considine's conviction under section 7206(1) as stated in respondent's amendment to answer could be accepted as true. Without objection by

---

(d) A finding of fact that the petitioner Charles Ray Considine did willfully file a false joint income tax return for the taxable year 1969 was essential to support the finding by the Court that the defendant Charles Ray Considine was guilty as charged of the aforementioned count of the indictment.

(e) One of the issues in the instant case is whether the addition to tax imposed by Code sec. 6653(b) should be imposed against the petitioner for the taxable year 1969.

(f) Said issue in the instant case is the same as the issue which was presented and determined adversely to the petitioner in the aforesaid criminal case to the extent that a conviction on the charge contained in the District Court's Findings of Fact and Conclusions of Law set forth above is dependent upon a finding that petitioner did willfully and knowingly make and subscribe an income tax return for the taxable year 1969, which said income tax return he did not believe to be true and correct as to every material matter.

(g) The prior criminal conviction of the petitioner Charles Ray Considine under Code sec. 7206(1) for the taxable year 1969 is conclusive and binding on the petitioner. By reason thereof, the petitioner is estopped in the instant case under the doctrine of collateral estoppel (estoppel by judgment) from denying herein that he did willfully and knowingly make and subscribe a false federal income tax return for the taxable year 1969 and that he knew and believed that the items described in paragraphs 14 and 15 of the District Court's Findings of Fact and Conclusions of Law set forth above, and which are the basis for the allegations of fraud set forth in paragraphs 7(a)–(p) of Respondent's Answer in this case, were reportable as capital gains in 1969.

9. THE RESPONDENT, for further amendment to the answer filed in this case, adds the following paragraph after paragraph 3 of the prayer contained in the answer:

4. That the Court determine the petitioner Charles Ray Considine is estopped under the Doctrine of collateral estoppel (estoppel by judgment) from denying that he willfully and knowingly made and subscribed a false and fraudulent income tax return for the taxable year 1969 and that he knew and believed that the capital gains received in 1969 as set forth in paragraph 8(c) above were reportable by him in that year.

respondent the Court proceeded to hear argument and permit filing of briefs on the question of whether petitioner was entitled to a partial summary judgment that Mr. Considine's conviction under section 7206(1) did not collaterally estop him from denying any of the elements essential to proof under section 6653(b).[3]

Petitioners contend that collateral estoppel is not applicable in a case involving an addition to tax under section 6653(b)[4] where the prior conviction has been under section 7206(1)[5] primarily for three reasons.

The first reason assigned by petitioners is that under section 6653(b) a necessary part of respondent's proof is that there was in fact an underpayment of tax in 1969 which was due to fraud, whereas under section 7206(1) there is no

---

[3] Obviously, as was stated by the Court at the hearing, the motion for summary judgment as filed would involve only an evidentiary question which would not properly be the subject of ruling by the Court until the hearing and then only if and when respondent attempted to introduce the evidence which petitioners contend is not admissible. However, after respondent amended his answer the question as to the legal effect of Mr. Considine's conviction under sec. 7206(1) was placed squarely in issue. At this juncture the proper motion for petitioners to make might, as respondent points out, have been a motion to strike the allegations contained in respondent's amendment to answer (quoted in full in n. 2 *supra*). However, counsel for respondent expressed his willingness for the Court to proceed on petitioners' motion for partial summary judgment on the basis of the record after respondent filed his amendment to answer and as if the motion went to the issue of collateral estoppel. Since to so proceed will expedite the disposition of this case the Court will disregard the technicalities of proper pleadings and treat petitioners' motion as one for a partial summary judgment that petitioner Charles Ray Considine is not collaterally estopped by his conviction under sec. 7206(1) to deny that his return for the year 1969 was fraudulent in that there was omitted therefrom capital gain for that year properly reportable in that year and which he believed to be properly includable in his return for that year at the time the return was filed.

[4] SEC. 6653. FAILURE TO PAY TAX.

(b) FRAUD.—If any part of any underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. In the case of income taxes and gift taxes, this amount shall be in lieu of any amount determined under subsection (a). In the case of a joint return under section 6013, this subsection shall not apply with respect to the tax of a spouse unless some part of the underpayment is due to the fraud of such spouse.

[5] SEC. 7206. FRAUD AND FALSE STATEMENTS.

Any person who—

(1) DECLARATION UNDER PENALTIES OF PERJURY.—Willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter; * * *

requirement that any underpayment of tax be shown but merely that the defendant willfully made and subscribed to a return verified under penalties of perjury "which he does not believe to be true and correct as to every material matter." It is petitioners' position that since the ultimate fact to be proved differs under section 6653(b) and section 7206(1), a conviction under section 7206(1) cannot be collateral estoppel with respect to any ultimate fact required to be established to sustain the addition to tax for fraud under section 6653(b).

Petitioners' second position is that Mr. Considine is not collaterally estopped from establishing that there was in fact no "disposition" of the note and trust deed by conviction under the charge in the indictment that he "did not believe the return to be true and correct in that he reported net long-term capital gains of $3,446, whereas, as he then and there well knew, he was required to report additional capital gains in the amount of $98,357.87 received on the assignment of the note and trust deed." Petitioners argue from this position that Mr. Considine is not estopped from showing that there is no addition to tax under section 6653(b) because of a gain on the disposition of such note and trust deed. Petitioners in this argument apparently contend that a necessary part of the proof for conviction under section 7206(1) was not that in fact Mr. Considine received a capital gain in 1969 but rather his belief in this respect at the time the return was filed.

The third position taken by petitioners is that since petitioner Thalia K. Considine, who was not a defendant in the criminal case, is, by respondent's concession,[6] not collaterally estopped from denying that there was an underpayment of tax resulting from any disposition of the note and trust deed in 1969, nor from denying that any underpayment was due to fraud within the meaning of section 6653(b) and would be permitted to introduce relevant evidence with respect to both of those issues, it would be inequitable to collaterally estop Mr. Considine from introducing such evidence.

Petitioners in support of their position rely primarily on *United States v. Anderson*, 254 F.Supp. 177 (W.D. Ark. 1966). That case involved a question of the extent to which the

---

[6] See *Rodney v. Commissioner*, 53 T.C. 287, 306–311 (1969).

defendant was entitled to a bill of particulars in connection with a criminal prosecution under section 7206(1). In denying part of the motion for a bill of particulars, the court in the *Anderson* case pointed out that the defendant had expressed the fear that in the event of an adverse decision on any count in the indictment he would be subjected to civil fraud penalties and a waiver of the statute of limitations because of recent decisions with respect to collateral estoppel. Among the decisions listed by the court as cited by the defendant were *Amos v. Commissioner*, 43 T.C. 50 (1965), affd. 360 F.2d 358 (4th Cir. 1965), and *Arctic Ice Cream Co. v. Commissioner*, 43 T.C. 68 (1965). In the *Anderson* case, after discussing various cases dealing with collateral estoppel in a civil fraud case by prior conviction of a taxpayer under section 7201[7] for willful attempt to evade or defeat taxes, the court concluded (p. 184):

The court is of the opinion that the material facts necessary to be proven to obtain a conviction in the instant case would not be sufficient to estop the defendant from contesting a claim made by the Government for the recovery of a fraud penalty.

In support of this conclusion the court in the *Anderson* case quoted from the holding in *Gaunt v. United States*, 184 F.2d 284 (1st Cir. 1950), with respect to the necessary elements of proof for conviction under section 145(c), I.R.C. 1939, which contained substantially the same provisions as section 7206(1) of the 1954 Code. In *Gaunt v. United States, supra* at 288, the court stated in this regard:

It seems to us clear that the latter subsection makes it a felony merely to make and subscribe a tax return without believing it to be true and correct as to every material matter, whether or not the purpose in so doing was to evade or defeat the payment of taxes. That is to say, it seems to us that the subsection's purpose is to impose the penalties for perjury upon those who wilfully falsify their returns regardless of the tax consequences of the falsehood. Whereas subsection 145(b) condemns as felonious wilful attempts to evade or defeat taxes "in any manner," and one manner, certainly, is by the wilful filing of a return known to be false in some material respect.

---

[7] SEC. 7201. ATTEMPT TO EVADE OR DEFEAT TAX.

Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both, together with the costs of prosecution.

Thus while the proof of an offense under subsection 145(b) may incidentally also prove an offense under section 145(c), it must in addition indicate an intent in some manner to evade or defeat a tax which is due. In brief, it seems to us evident that the scope of the two subsections is different with respect to an attempt to evade or defeat taxes, and certainly the language of section 145(b) is broad enough to include the filing of a false and fraudulent return, as a punishable manner of attempted tax evasion. * * *

In *Hartman v. United States*, 245 F.2d 349 (8th Cir. 1957), the above statement from the *Gaunt* case was quoted with approval. See also *United States v. Raynor*, 204 F.Supp. 486 (S.D. Cal. 1962), denying the defendant's motion to dismiss an information charging violation of section 7206(1) even though a bill of particulars disclosed that a proper computation of his taxable income for the year involved resulted in an overpayment rather than an underpayment of tax.

Petitioners' counsel in his argument pointed out that in the criminal case for violation of section 7206(1) Mr. Considine had attempted to get certain information under a bill of particulars and that the information had been denied by the Court on the theory that a necessary element of proof under section 7206(1) was not that there was any tax due and owing as a result of the willful subscribing of a false return.

Respondent, in reply to petitioner's reliance on *United States v. Anderson, supra,* points out that it is not his contention that petitioner is collaterally estopped to deny that there was any underpayment of tax in 1969 since an underpayment of tax was not a necessary element of proof under section 7206(1), but that it is his position that petitioner is collaterally estopped to deny that he willfully made and subscribed to a return in 1969 which he did not believe to be true and correct and that he knew at the time he subscribed to this return that he was required to report capital gains of $98,357.87 received in that year on the assignment of a note and trust deed. It is respondent's position that a conviction of a taxpayer for willfully subscribing to a return which he knows not to be correct collaterally estops that taxpayer from denying that his return for that year is false and fraudulent and that, where the conviction is based on the omission of a specific item of income which the taxpayer is held to have known that he was required to report, it collaterally estops that taxpayer from denying that he did in fact have income in that amount which was not reported. Respondent then states

that he recognizes that, in order to establish that petitioner is liable for the addition to tax for fraud, he has the burden to show that the fraudulent omission of income from petitioner's return as found in his conviction under section 7206(1) results in some underpayment of tax. Respondent contends that the fact that an underpayment of tax in the year 1969 was not a necessary element of proof in petitioner's conviction under section 7206(1) does not require the conclusion that petitioner is not estopped to deny that he fraudulently omitted $98,357.87 of capital gain from his 1969 return.

Respondent points out that under the holdings of the Supreme Court in *United States v. Bishop,* 412 U.S. 346 (1973), and *United States v. Pomponio,* 429 U.S. 10 (1976), the term "willfully" as used in sections 7201, 7202, 7203, 7204, 7205, and 7206 has the same meaning. In these cases the Supreme Court defines the meaning of "willfully" as used in these statutes to be simply "a voluntary intentional violation of a known legal duty." Respondent then points to our statement in *Amos v. Commissioner,* 43 T.C. at 55, that "the term 'willfully' as used in section 7201 has authoritatively been defined in prior judicial decisions to encompass all the elements of fraud which are envisioned by the civil penalty described in section 6653(b)."

In the *Amos* case we held that a taxpayer's conviction for willful evasion of income taxes in violation of section 7201 necessarily carries with it the ultimate factual determination that part of the deficiencies in the years to which the conviction relates was due to fraud within the meaning of section 6653(b). We there pointed out that the Commissioner of Internal Revenue, the respondent in the civil case, is a party in privity with the United States of America and that where the petitioner in the case before us is the same person as the defendant in the criminal case, the necessary requirement of identity of parties has been met. We then proceeded to analyze the ultimate fact necessary to show criminal evasion of income taxes under section 7201 and the ultimate fact necessary to show that a part of the underpayment of tax was due to fraud under section 6653(b). We concluded that the ultimate facts required to be established under the two sections were identical, and therefore where a taxpayer had been convicted under section 7201 of tax evasion, he was

collaterally estopped to deny the ultimate fact necessary to be proved under section 6653(b) that a part of the underpayment of tax for the same year was due to fraud.

Since as the Supreme Court has held "willfully" as used in sections 7201 and 7206 has the same meaning, the basic distinction in the *Amos* case and the instant case is that for a conviction under section 7206(1) it is not necessary for the United States to establish that the willful making and subscribing of a return that the defendant does not believe to be true results in an underpayment of tax whereas a conviction can be obtained under section 7201 only by a showing that there was in fact an underpayment of tax. Because a conviction can be had under section 7206(1) without proof of an underpayment of tax, such a conviction does not, as does a conviction under section 7201, encompass every aspect required to establish an addition to tax for fraud under section 6653(b). Our question here, therefore, is whether a person convicted of a crime that does not require as an element essential to the judgment proof of every fact necessary to show an addition to tax under section 6653(b) should be collaterally estopped to deny in a case involving section 6653(b) those facts which are necessary both to the judgment in the criminal case and to sustain the addition to tax under section 6653(b).

In order to decide the question here presented it is necessary to analyze the elements of proof which are necessary both to a judgment of conviction under section 7206(1) and to liability for the addition to tax for fraud under section 6653(b) to determine if the identity is sufficient to cause collateral estoppel to apply within the holding of *Sunnen v. Commissioner*, 333 U.S. 591 (1948), and cases following the *Sunnen* case.

In order to show under section 7206(1) that a taxpayer "willfully makes a return which he does not believe to be true and correct as to every material matter" it is necessary to establish that the return as filed is not correct in a material respect, that the taxpayer at the time he filed the return did not believe it to be correct in every material respect, and that he subscribed to the return with the intent to violate "a known legal duty." In our view the establishment of these facts also establishes that the return as filed is a fraudulent

return. As we pointed out in the *Amos* case, section 7201 there involved provided merely that any person who "willfully attempts in any manner to evade or defeat any tax" shall be convicted of a felony, whereas section 6653(b) required the ultimate determination that the resulting deficiency was "due to fraud." We there held that the term "willfully" as used in section 7201 encompassed all of the elements of fraud encompassed under section 6653(b). We stated (43 T.C. at 55):

"Willfully" within the purview of section 7201, comprehends a specific intent involving the bad purpose and evil motive to evade or defeat the payment of tax. *United States v. Murdock,* 290 U.S. 389 (1933); *Spies v. United States,* 317 U.S. 492 (1943); *Bloch v. United States,* 221 F.2d 786 (C.A. 9, 1955). Thus, one who "willfully attempts * * * to evade * * * tax" within the meaning of the criminal sanction does so with the requisite fraudulent intent for the purpose of the civil sanction, since "the intent required [to bring into application the civil penalty] is the specific purpose to evade." *Mitchell v. Commissioner,* 118 F.2d 308 (C.A. 5, 1941). * * *[8]

Having concluded that a conviction under section 7206(1) for "willfully" making a return which the taxpayer does not believe to be true and correct is proof that the return is fraudulent, we must consider whether it was necessary to the conviction of Mr. Considine under section 7206(1) to establish that he received capital gains of $98,357.87 in 1969 which he did not report. As was stated in *Commissioner v. Sunnen, supra* at 601, "where a question of fact essential to the judgment is actually litigated and determined in the first tax proceeding, the parties are bound by that determination in a subsequent proceeding even though the cause of action is different." As heretofore pointed out, it is not essential to the judgment of conviction under section 7206(1) that there be an underpayment of tax. It is essential that the return be incorrect in a material matter. Since the only allegation of incorrectness in Mr. Considine's 1969 return in the criminal

---

8 While the provisions of sec. 293(b), I.R.C. 1939, specifically provided "If any part of any deficiency is due to fraud with intent to evade tax" the addition for fraud should be added, and sec. 6653(b), I.R.C. 1954, provides that "If any part of any underpayment * * * is due to fraud" the addition shall be added without a reference to intent to evade tax, we have in numerous cases involving the provisions of the 1954 Code held a necessary element of proof under sec. 6653(b) to be the specific intent to evade tax believed to be owing, quoting *Mitchell v. Commissioner,* 118 F.2d 308 (5th Cir. 1941). See *Green v. Commissioner,* 66 T.C. 538, 549 (1976); *McGee v. Commissioner,* 61 T.C. 249, 257 (1973); *Amos v. Commissioner,* 43 T.C. 50, 55 (1964), affd. 360 F.2d 358 (4th Cir. 1955).

case was the omission of capital gains received on the assignment of the trust deed and note, a finding that there was omission of capital gains received on such assignment and that this omission was a "material matter," was essential to the judgment of conviction under section 7206(1). However, the exact amount of such omission was not material to the judgment of conviction. In a somewhat similar situation the Circuit Court of Appeals for the Ninth Circuit, to which an appeal in this case would lie, held that estoppel did not apply to establish the amount of an item omitted where the amount of the item was not essential to the judgment in the prior case. *United States v. Colacurcio*, 514 F.2d 1 (9th Cir. 1975). In that case the Government contended in a prosecution of a taxpayer under section 7201 that the defendant was estopped to deny that he had received specific amounts of payments by a prior conspiracy conviction. After concluding that collateral estoppel applied in a criminal prosecution, the court stated (p. 6):

The crucial question is whether the facts upon which the Government relies were in fact decided and were essential to the judgment in the prior case. The requirements for collateral estoppel are set forth in 1B Moore's Federal Practice Para. 0.443[1]:

"The issue to be concluded must be the same as that involved in the prior action. In the prior action, the issue must have been raised and litigated, and actually adjudged. The issue must have been material and relevant to the disposition of the prior action. *The determination made of the issue in the prior action must have been necessary and essential to the resulting judgment.* (Emphasis added)."

The offense charged in the 1971 action involved conspiracy to use facilities of interstate commerce to carry on illegal bingo games. Appellant admits that the *fact* of the Berger payments was material and relevant in deciding whether appellant was engaged in the alleged conspiracy, but argues that the specific *amounts* of the Berger payments were not essential and that proof of those amounts was not subject to the doctrine of collateral estoppel.

We agree. The *amounts* of the Berger payments were not significant in the prior action. Only the fact that appellant was receiving protection money from Berger with respect to the illegal bingo operations was necessary to establish appellant's involvement in the conspiracy.[8] Since the amount of the Berger payments was not a necessary element of the conviction in the prior case and was not "distinctly put in issue and directly determined", Frank v. Mangum, *supra* at 333–334, 35 S.Ct. at 590, it was

not subject to collateral estoppel. *See* United States v. Fabric Garment Co., 366 F.2d 530, 533 (2 Cir. 1966).[9]

---

[8] Since appellant was attempting to establish that he was not involved in the conspiracy, he was not in a position to question the *amount* of the Berger payments. To do so would have been to concede the ultimate point, i. e., that he was being paid off by Berger.

[9] In United States v. Fabric Garment Co., a civil action for conversion of wool serge, the Government relied on a prior conviction of conspiracy to defraud and make false statements. The court held that the conspiracy convictions determined that the defendants had made false and fraudulent statements, but noted that the district court had properly held that the prior action had not conclusively determined the amount of goods converted since the amount was not a necessary element of the criminal conviction and was not "distinctly put in issue and directly determined" in the conspiracy trial, citing Emich Motors v. General Motors, *supra.*

The holding of the court in the *Colacurcio* case is in accord with the statement in the *Sunnen* case that when the second case is on a different cause of action "the prior judgment acts as a collateral estoppel only as to those matters in the second proceeding which were actually presented and determined in the first suit." A matter which was not essential to the judgment in the first suit was not "determined in that suit."

In *United States v. Considine,* an unreported case (S.D. Cal. 1973, 34 AFTR 2d 74–5412, 74–2 USTC par. 9639), affd. in an unreported opinion (9th Cir. 1973, 74–2 USTC par. 9846), cert. denied 416 U.S. 970 (1974), in which the defendant was the same person as one of the petitioners in the instant case, the court made the following findings with respect to 1969:

> In 1969 defendant assigned to the judgment creditor the Capri trust deed and note in partial satisfaction of the malpractice judgment. The assignment was for the then face value of $225,000.
>
> Defendant reported the San Felipe sale on his 1965 tax return as an installment sale. No principal payments were received by defendant or his wife prior to their assignment of the note and trust deed in 1969 in satisfaction of the outstanding judgment. The assignment was recorded January 20, 1969.
>
> The defendant's testimony that he believed that he was insolvent immediately before and immediately after the assignment of the Capri trust deed and note in 1969, and, therefore, in his belief, was not required to report the gain realized upon the assignment is not persuasive or credible.

In its conclusion of law the court stated, with respect to count four of the information on which defendant was found guilty as charged:

> The defendant having assigned in 1969 the Capri trust deed and note for face value of $225,000 in partial satisfaction of the malpractice judgment realized income therefrom and was required in 1969 to report capital gains in the amount of $98,357.87. The defendant knowingly did not report, in any manner, income received on the assignment of said note and trust deed.
>
> Defendant willfully made and subscribed his 1969 tax return which contains his written declaration that it is made under penalty of perjury. He did not believe the return to be true and correct in that he reported net long term capital gains of $3,446, whereas, as he then and there well knew, he was required to report additional capital gains in the amount of $98,357.87 received on the assignment of the note and trust deed making the required reportable net long term capital gain $101,803.87.

The Circuit Court of Appeals, in affirming the District Court, stated in part:

> Nor do we find convincing Considine's argument that there was no proof beyond a reasonable doubt that in 1969 he had an acceleration of gain from the disposition of an installment obligation (the $225,000 San Felipe note). The record amply supports the district court's finding that the settlement of the Norris judgment in which the judgment creditor accepted that note occurred in 1969 and that the fair market value of the note was its face amount as reduced because of acreage variation. The settlement could not be closed till March, 1969 after the bank which acted as escrow agent for the parties loaned Considine the cash required in addition to the $225,000 note to meet the settlement terms.

In our view, the case of *United States v. Considine, supra,* decided by. the District Court settled the fact that Mr. Considine did receive capital gains in 1969 which he fraudulently failed to report in his return for that year. In our view, the fact that the omission of the capital gains item was a fraudulent omission was an essential element of the judgment in the criminal case.

Since in our view essential elements of the judgment of conviction of Mr. Considine under section 7206(1) were that his 1969 return was false and fraudulent in that it omitted capital gain received from the assignment of the note and trust deed, we must determine whether these facts are ultimate facts with respect to which an identical issue is presented under section 6653(b). The case of *United States v. Fabric Garment Co.,* 366 F.2d 530 (2d Cir. 1966), cited in the *Colacurcio* case involved a situation similar to that here

involved. The *Fabric Garment* case was a civil suit for damages for conversion of Government property. The defendant in the civil suit had previously been convicted in a criminal action of making false statements as to the disposition of Government-owned wool serge. The property which was alleged to be converted by the defendant in the civil case was wool serge. In holding that the defendant was collaterally estopped to deny that it unlawfully disposed of wool serge, but not as to the amount disposed of, the court stated (pp. 533, 534):

> In the present action for conversion, the Government moved for summary judgment on the grounds that many of the critical issues had been conclusively determined against the defendants in the criminal action. After careful analysis, the trial court denied the motion in part and granted it in part. It held that the 18 U.S.C. sec. 641 conviction did not conclusively determine that 19,000 yards of serge were converted by Fabric, Abrams, Mayflower and Berman, since the exact amount converted was not a necessary element of the criminal conviction and was not " 'distinctly put on issue and directly determined' in the criminal prosecution." Emich Motors Corp. v. General Motors Corp., 340 U.S. 558, 569, 71 S.Ct. 408, 414, 95 L.Ed. 534 (1951). However, the court held that the sec. 641 conviction determined that Fabric, Mayflower, Abrams and Berman unlawfully, willfully, and knowingly sold, conveyed and disposed of wool serge made under contract for the Government. The court also held that the sec. 1001 convictions determined that Fabric and Abrams unlawfully, willfully and knowingly made materially false and fraudulent statements as to the amounts of inventory on hand under certain contracts and as to whether they had returned as jackets or as scrap all the material furnished to them by the Government.
>
> \* \* \*
>
> Under federal law, a prior criminal conviction will work an estoppel in favor of the Government in a subsequent civil proceeding with respect to "questions 'distinctly put in issue and directly determined' in the criminal prosecution. \* \* \* In the case of a criminal conviction based on a jury verdict of guilty, issues which were essential to the verdict must be regarded as having been determined by the judgment." Emich Motors Corp. v. General Motors Corp., 340 U.S. 558, 569, 71 S.Ct. 408, 414, 95 L.Ed 534 (1951); see Local 167, Int'l Bhd. of Teamsters etc. v. United States, 291 U.S. 293, 298, 54 S.Ct. 396, 78 L.Ed. 804 (1934). The trial court, after the careful examination of the record as required by *Emich,* correctly determined the collateral estoppel consequences of the previous convictions.

In our view the holding in the *Fabric Garment Co.* case is applicable to a tax case under a proper interpretation of *Commissioner v. Sunnen, supra.* We interpret the *Sunnen* case as holding that a prior judgment is conclusive as to facts

which are identical in a subsequent case if those facts were necessary to the judgment in the prior case, even though proof of further facts may be necessary to a determination of the ultimate fact in the second case. This has been the interpretation of collateral estoppel in a number of cases. In *Estate of Maguire v. Commissioner,* 50 T.C. 130, 139 (1968), we pointed out that the opinion of the Supreme Court in *Commissioner v. Sunnen, supra,* had been interpreted in various manners with respect to the application of collateral estoppel to a decision of a factual question, but that "Without doubt, it does apply to a decision of a static fact." We went on to state that a static fact was a transaction or event which is completed before any litigation begins and is not subject to change, even though it has tax consequences in other litigation. Here the willful filing of a return which Mr. Considine believed not to be correct as to material facts in that capital gains which should have been reported were omitted is a factual determination with respect to the year 1969 that does not change with respect to that year in a different cause of action. See also *Richmond, Fredericksburg & Potomac Railroad Co. v. Commissioner,* 62 T.C. 174 (1974), in which we held a prior decision of this Court to collaterally estop a taxpayer with respect to the nature of an item designated "excess dividend" but neither the opinion of this Court nor the affirming of that opinion by the Circuit Court of Appeals was collateral estoppel of either the taxpayer or the respondent with respect to an issue regarding a premium payment which was not litigated either in this Court or the Circuit Court of Appeals. Cf. *Bankers Mortgage Co. v. United States,* 423 F.2d 73 (5th Cir. 1970), cited in the *Richmond, Fredericksburg & Potomac Railroad Co.* case, in which the doctrine of collateral estoppel was held to apply where the prior decision had involved whether "proceeds" were from an alleged loan and the case under consideration involved whether "interest" was received on the alleged loan.

Petitioners' second point, that the doctrine of collateral estoppel should not apply in this case since the addition to tax for fraud in the present case rests on the "disposition" in the year 1969 of the note and mortgage, is without merit. In *United States v. Considine, supra,* as heretofore pointed out, the court specifically found that Mr. Considine assigned the

trust deed and note in 1969 in satisfaction of a judgment against him and the conclusion that this assignment resulted in capital gains which Mr. Considine was required to report and believed he was required to report on his 1969 return when it was filed disposes of the issue of the "disposition" of the note in 1969. As in the *Bankers Mortgage Co. v. United States* case, Mr. Considine's contention in both cases is grounded on the same propositions. Inherent in the conclusion that capital gains properly reportable on a tax return were realized on the assignment of the note in 1969 is that the assignment was a disposition of the note.

Petitioners' final position that collateral estoppel should not apply to Mr. Considine since it does not apply to Mrs. Considine is without merit. This Court has previously considered the issue of a husband and wife filing a joint return and a joint petition in this Court where only the husband was involved in a criminal prosecution. In *Rodney v. Commissioner*, 53 T.C. 287, 307 (1969), we pointed out that it had long been recognized by this Court that the husband and wife who file a joint return and joint petition are separate taxpayers and that the record must form a basis for entry of decision as to each. We concluded that a wife who files a joint return with her husband is not a party privy to her husband in litigation before this Court. In that case we stated that even though the taxpayer-husband was estopped by his prior conviction from litigating his civil liability for the addition to tax for fraud, his wife, the other petitioner in the case, was not estopped. This of course inherently carries with it a requirement as pointed out in the *Rodney* case that the respondent establish the husband's fraud if he is to have the wife held for the addition to tax for fraud. Therefore, neither Mrs. Considine nor respondent will be barred from introducing any proper evidence with respect to the transaction regarding the assignment of the note and mortgage and the extent to which income resulted therefrom or whether the addition to tax for fraud under section 6653(b) with respect to Mrs. Considine for the year 1969 is proper. Since the decision in the *Rodney* case there have been a number of cases before this Court of joint returns and joint petitions in which we have held the spouse who was convicted in a criminal proceeding involving the same issue as in the civil proceeding

collaterally estopped to contest the issue previously decided, but the other spouse not so estopped. See *C.B.C. Super Markets, Inc. v. Commissioner,* 54 T.C. 882, 894 (1970); *Stone v. Commissioner,* 56 T.C. 213, 223 (1971).

We conclude that respondent has properly raised the issue of collateral estoppel. Based on accepting the allegations in respondent's amendment to answer as to the prior conviction of Mr. Considine under section 7206(1) as proven facts, we hold that petitioner Mr. Considine is collaterally estopped to deny that he willfully filed a false and fraudulent return for the year 1969 omitting capital gains which he received in that year from a note and trust deed. This holding does not relieve respondent from being required to prove that there was an underpayment of tax by Mr. Considine in 1969 in order to prove that Mr. Considine is liable for the addition to tax for fraud in that year.

Petitioners' motion for summary judgment will be denied.

*An appropriate order will be entered.*