JULIUS HAHN and HENRIETTE HAHN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hahn v. Commissioner
Docket No. 2818-82.
United States Tax Court
T.C. Memo 1982-717; 1982 Tax Ct. Memo LEXIS 30; 45 T.C.M. (CCH) 315; T.C.M. (RIA) 82717; December 13, 1982. Harry J. Binder, for the petitioners. Rona Klein and Patrick Putzi, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of hearing and ruling on respondent's Motion for Summary Judgment. After a review of the record, we agree with and adopt his opinion which is set forth below. [1]
*31 OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is presently before the Court on respondent's Motion for Summary Judgment filed pursuant to Rule 121, Tax Court Rules of Practice and Procedure, [2] on October 8, 1982. In his notice of deficiency issued to petitioners on November 13, 1981, respondent determined deficiencies in petitioners' Federal income tax and additions to the tax for the taxable calendar years 1974 and 1975 in the following respective amounts: Additions to Tax, I.R.C. 1954
Years
Income Tax [3]
Section 6653(b) [4]
1974
$8,779.38
$4,389.69
1975
7,029.20
3,514.60
*32 The adjustments to petitioners' income as determined by respondent in his deficiency notice are as follows: 1974
1975
Unreported gross receipts
$30,438.39 $26,663.00 Medical and Dental expenses
557.17 (364.78)
Sales taxes
(404.00)
(309.00)
State and Local income taxes
(167.93)
Schedule C - Business Expense
(317.00)
$30,106.63 $25,989.22 At paragraphs 4 and 5 of their petition filed herein on February 8, 1982, petitioners allege as follows: 4. The determination of tax set forth in the said notice of deficiency is based upon the following error: the statute of limitations for both years have (sic) expired. 5. The facts upon which the petitioners rely, as the basis of their case, are as follows: the statute of limitations for both years have (sic) expired. Respondent filed his answer on April 8, 1982 in which he denied the allegations of paragraphs 4 and 5 of the petition and further affirmatively pleaded as to the income tax deficiencies and the additions to the tax, the statute of limitations and collateral estoppel under section 7206(1). [5]
*33 Since petitioners filed no reply respondent, on June 1, 1982, filed a Motion for Entry of Order that Undenied Allegations in Answer be Deemed Admitted. [6] A copy of that motion together with the Court's Notice of Filing were served on petitioners' counsel by the Court on June 2, 1982. The notice, which calendared respondent's motion for hearing at Washington, D.C. on June 30, 1982, gave petitioners until June 17, 1982 in which to file a reply. When the case was called from the calendar on June 30, 1982, no appearance was made by or on behalf of petitioners and no reply had been filed. After hearing, the Court by Order dated June 30, 1982 granted respondent's motion and deemed admitted for purposes of this case the undenied affirmative allegations of fact contained in paragraphs 7, 8, 9 and 10 of respondent's answer. [7] On promulgation of our order the pleadings herein were closed. See Rules 34, 36, 37, 38 and 121. *34 On October 8, 1982 respondent filed his motion herein under consideration together with a Memorandum of Law. Copies of those documents together with a copy of the Court's Notice of Hearing, calendaring respondent's motion for hearing at Washington, D.C. on November 24, 1982, were served on petitioners' counsel by the Court on October 13, 1982. When the case was called on November 24 no appearance was made by or on behalf of petitioners nor was a response to respondent's motion filed. Counsel for respondent appeared and presented argument, at the conclusion of which the Court took respondent's motion under advisement. The following findings of fact are based on the record as a whole, unreported gross receipts deemed conceded, the allegations of respondent's answer admitting allegations in the petition and those facts in respondent's answer deemed admitted by our June 30, 1982 Order. FINDINGS OF FACT Petitioners resided at 131 Joni Drive, Sayville, New York on the date the petition was filed. They filed joint 1974 and 1975 Federal income tax returns with the Internal Revenue Service Center at Holtsville, New York. Throughout 1974 and 1975 Julius Hahn (petitioner) was *35 the president and owner of Medalion Manufacturing Company (Medalion), which was engaged in the business of manufacturing and selling washers and gaskets and other various small machine parts. He was the sole employee of Medalion and had sole control over the management and financial affairs of the company. During 1974 and 1975 petitioner failed to maintain or to submit for examination by respondent complete and adequate books of account and records of his income producing activities as required by the applicable provisions of the Internal Revenue Code and the regulations promulgated thereunder. Medalion had gross receipts in the taxable years 1974 and 1975 in the respective amounts of $61,288.62 and $60,135.00. During 1974 and 1975 a checking account, number XX-1080, was maintained by Medalion at the Oysterman's Bank and Trust Company (the Bank). During those years deposits were made to that account in the respective amounts of $30,850.23 and $30,972.00, which said amounts represented gross receipts of Medalion. The foregoing amounts were reported as gross receipts by petitioners on their 1974 and 1975 returns. In addition, on their 1975 return, petitioners reported an *36 additional $2,500.00 in cash receipts. [8]
A second checking account, number XXXX8417, was also maintained at the Bank in petitioners' names. During 1974 and 1975 deposits were made to this account in the respective amounts of $32,140.89 and $29,163.00. The source of those amounts to the extent of $30,438.39 in 1974 [9] and $29,163.00 in 1975 were the gross receipts of Medalion. Petitioners, on their 1974 and 1975 returns, failed to report the $30,438.39 and $29,163.00 [10] of Medalion's gross receipts which they deposited in their personal checking account and these amounts were not included in the amount reported as adjusted gross income on those returns. *37 ULTIMATE FINDINGS OF FACT Petitioner fraudulently and with intent to evade tax omitted from petitioners' Federal income tax returns for the taxable years 1974 and 1975 taxable income in the respective amounts of $30,438.39 and $26,663.00. Petitioner fraudulently and with intent to evade tax failed to report and pay income tax liabilities for the taxable years 1974 and 1975 in the respective amounts of $8,779.38 and $7,029.20. A part of the understatement of tax required to be shown on petitioners' 1974 and 1975 returns is due to fraud with intent to evade tax. The income tax due from petitioners for the taxable years 1974 and 1975 may be assessed, or a proceeding in Court for the collection of such tax may be begun without assessment, at any time under the provisions of section 6501(c) (1) since petitioners filed false and fraudulent Federal income tax returns for said years with intent on the part of Julius Hahn to evade taxes. OPINION At the outset we feel constrained to comment briefly on the total and unexplained failure to file a reply or to respond to respondent's motions or notices issued by the Court. Our recital of the procedural developments in this case *38 demonstrates to our satisfaction that petitioners' counsel was given more than an ample opportunity to respond to those documents yet he chose not to do so and there is not one reason extant in this record to explain his failure to respond. He has, in essence, ignored and defied the notices served on him by the Court and, by his inexcusable conduct, shown complete and utter disrespect for the rules of this Court. Indeed, and unfortunately, his failures to act have worked to the detriment of petitioners. Respondent, based on this record, seeks summary judgment in his favor upon the legal issues in controversy respecting the income tax deficiencies, the additions to the tax and the statute of limitations. Petitioners, on the other hand, regretably and fatally, rely solely on the statute of limitations. It is abundantly clear, upon review of the petition filed herein, that no justiciable error has been alleged with respect to respondent's income tax deficiency determinations and no justiciable facts in support of such error are extant therein. [11] While petitioners have failed to raise any factual issue respecting respondent's income tax deficiency determinations, respondent, *39 in sharp contrast through the affirmative allegations of his answer which have been deemed admitted, has affirmatively shown the existence of those deficiencies. We next consider the additions to the tax. The burden of proof with respect to the fraud issues is upon respondent to prove, by clear and convincing evidence, that some part of the underpayment of tax was due to fraud with an intent to evade tax. Section 7454(a); Rule 142(b); Imburgia v. Commissioner,22 T.C. 1002 (1954). That burden can be satisfied by respondent through those undenied facts deemed admitted under Rule 37(c). Doncaster v. Commissioner,77 T.C. 334 (1981); Marcus v.Commissioner,70 T.C. 562 (1978), affd. In an unpublished order 621 F.2d 439 (5th Cir. 1980); Gilday v. Commissioner,62 T.C. 260 (1974). [12] Here material factual allegations in the answer with respect to fraud with intent to evade *40 tax have been deemed to be admitted by our order of June 30, 1982. In our view, those findings of fact clearly and convincingly establish fraud with intent to evade tax, which is reflected in our Ultimate Findings of Fact. *41 In view of our disposition of the additions to the tax petitioners' statute of limitations plea is rejected. See section 6501(c)(1), which provides-- (c) Exceptions.-- (1) False return.--In the case of a false or fraudulent return with the intent to evade tax, the tax may be assessed, or a proceeding in court for collection of such tax may be begun without assessment, at any time. Respondent also requests that we consider Julius Hahn's guilty plea under section 7206(1) [which pertains to false statements made in income tax returns] in our disposition of the addition to the tax for the taxable year 1974. Since we have independently found fraud with intent to evade tax for that year we need not and do not decide that issue here. See Romano v. Commissioner,T.C. Memo. 1980-323; Payne v.Commissioner,T.C. Memo. 1979-442. [13]
*42 Rule 121(b) provides, in pertinent part, as follows: * * * A decision shall thereafter be rendered if the pleadings * * * show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. * * * [14]
There being no genuine issue of material fact present in this record, respondent is entitled to prevail, as a matter of law, on all issues presented by his motion. Rule 121. Accordingly, his motion will be granted. An appropriate order and decision will be entered
Footnotes
1. Since this is a pretrial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule.
2. All rule references are to the Tax Court Rules of Practice and Procedure.↩
3. A portion of the income tax deficiency is attributable to self-employment tax determined to be due for the taxable years 1974 and 1975 as follows: $1,042.80 and $1,113.90, respectively. In addition, a personal exemption credit has been allowed for the taxable year 1975. ↩
4. All section references are to the Internal Revenue Code of 1954, as amended. Since no part of the understatement of tax is due to fraud on the part of Henriette Hahn, the additions to the tax do not apply to her.↩
5. Petitioner, Julius Hahn, entered a guilty plea under sec. 7206(1) with respect to the joint 1974 Federal income tax return he and his wife filed with the Internal Revenue Service. Respondent served a copy of his answer on petitioners' counsel on April 7, 1982.↩
6. Petitioners have been represented by counsel admitted to practice before this Court commencing with the filing of the petition. The record discloses that he has done nothing respecting this case since that time. ↩
7. Those paragraphs contained affirmative factual allegations respecting the income tax deficiencies, the additions to the tax, the guilty plea under sec. 7206(1) and the statute of limitations.↩
8. Based on the amounts of gross receipts set forth in this paragraph respondent made his determinations of petitioners' adjusted gross income.↩
9. The amount of $30,438.39 reflects a credit allowed petitioners in 1974 in the amount of $1,702.50 for verified non-income deposits. ↩
10. Since petitioners, on their 1975 return, reported $2,500.00 in cash receipts in addition to the amount deposited in the business checking account, the $2,500.00 was offset against the $29,163.00 unreported personal checking account deposits. Thus, 1975 omitted taxable income is $26,663.00.↩
11. We think the following language of Rule 34(b)(4) would ordinarily be dispositive of respondent's income tax deficiency determinations--"Any issue not raised in the assignment of errors shall be deemed to be conceded".↩
12. See Cincotti v. Commissioner,T.C. Memo. 1982-657; VanLancker v. Commissioner,T.C. Memo. 1982-446; Tonn v.Commissioner,T.C. Memo. 1982-118; Imes v. Commissioner,T.C. Memo. 1982-95; Stouffer v. Commissioner,T.C. Memo. 1982-29; Coastal Shipping Co., Inc. v. Commissioner,T.C. Memo. 1981-382; Burnette v. Commissioner,T.C. Memo. 1981-381. See and compare Gordon v. Commissioner,73 T.C. 736, 739 (1980), where we said-- "Any issue, including addition to tax for fraud under Section 6653(b), not raised in the assignment of errors [it was not raised here] is deemed conceded by the petitioner. * * * If the fraud allegations are deemed admitted * * * by motion under Rule 37(c), the respondent may move for judgment on the fraud issue on the basis of the facts deemed admitted pursuant to Rule 120 (Judgment on the Pleadings), Rule 121↩ (Summary Judgment), or Rule 122 (Submission Without Trial). Generally, the facts deemed admitted constitute sufficient proof of fraud without the necessity of affirmative proof by respondent. * * *".
13. See and compare Goodwin v. Commissioner,73 T.C. 215 (1975), and Considine v. Commissioner,68 T.C. 52 (1977), with Considine v. United States,683 F.2d 1285 (9th Cir. 1982), and Considine v. United States, 227 Ct. Cl.    , 645 F.2d 925↩ (1981).
14. The note to Rule 121(b) provides "In the second sentence of part (b) of this rule, 'An' is substituted for 'Any' to stress that the Court expects, where a motion for summary judgment is filed, that an opposing response will be filed by all parties who do not agree to the relief sought by the motion". [71 T.C. 1204↩.] Petitioners' counsel filed no response to respondent's motion as noted earlier herein.