IRVING BEHRMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Behrman v. Commissioner
Docket No. 18267-82.
United States Tax Court
T.C. Memo 1985-99; 1985 Tax Ct. Memo LEXIS 530; 49 T.C.M. (CCH) 872; T.C.M. (RIA) 85099; March 6, 1985. Irving Behrman, pro se. Kevin C. Reilly and Charles E. Williams, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Chief Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of hearing, consideration and ruling on respondent's Motion for Summary Judgment filed herein. After a review of the record, we agree with and adopt his opinion, which is set forth below. [1]
OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is before the Court on respondent's Motion for Summary Judgment, filed on August 10, 1983, pursuant to Rule 121, Tax Court Rules of Practice and Procedure.[2]
Respondent, in his notice of deficiency issued to petitioner on April 15, 1982, determined deficiencies in *532 petitioner's Federal income tax and additions to the tax for the taxable calendar years 1968 and 1969 in the following respective amounts: Additions to Tax, I.R.C. 1954
Years
Income Tax
Section 6653(b) [3]
1968
$77,192.96
$38,596.48
1969
5,395.91
2,697.96
In his answer filed on September 20, 1982, respondent asserted a claim under section 6214(a) for an increased deficiency for the 1969 taxable year of $28,882.91 and an increased addition to the tax pursuant to section 6653(b) of $14,441.45. [4]
The adjustments to income as determined by respondent in his deficiency notice and answer are as follows: 1968
1969
Unreported Income [5]
$130,863.89 $63,509.68 Dividend Income
1,350.00 808.51 Miscellaneous Income
(130.89)
(341.73)
Employee Business Expense
145.25 Contributions
200.00 200.00 Medical Expenses
89.66 1,513.00 Miscellaneous Expense
100.00 Taxes
1,209.44 70.00 Interest Expense
1,387.73 423.43 Standard Exemption
(1,000.00)
Exemption (son)
600.00 600.00 $134,715.08 $66,882.89 *533 The procedural sequence of events in this case began with the issuance of the notice of deficiency on April 15, 1982. A timely petition was mailed and, thus, timely filed with this Court on July 16, 1982. See sections 6213 and 7502. Respondent filed his answer on September 20, 1982, in which, at paragraphs 9(a) through (f) and 10(a) through (w), he affirmatively pleaded as to the increased income tax deficiency and increased addition to the tax for 1969 and as to the finally determined income tax deficiencies and additions to the tax for 1968 and 1969. At paragraph 12(a) he set forth affirmative allegations respecting the statute of limitations for 1968 and 1969, which had been raised in the petition. [6]
On October 14, 1982 petitioner's counsel filed a Motion to Withdraw as Counsel which was granted by the Court on October 19, 1982. Petitioner did not file a reply and on December 6, 1982 respondent filed a Motion for Entry of Order that Undenied Allegations Be Deemed Admitted pursuant to Rule 37(c), *534 a copy of which he served on petitioner at 22 Round Hill Road, Scarsdale, New York 10253 (the Scarsdale address) on December 2, 1982. On December 10, 1982, the Court served on petitioner, at his Scarsdale address, a copy of a notice calendaring respondent's motion for hearing at Washington, D.C. on January 12, 1983. That notice was returned to the Court with a notation on the envelope "Moved Left No Address." [7] The Court thereafter ascertained another address for petitioner and served the notice and a copy of a December 23, 1982 order on petitioner at 1530 Palisades Avenue, Fort Lee, New Jersey 07024. The December 23, 1982 order provided that the hearing on respondent's motion under Rule 37(c) be continued from January 12, 1983 to February 16, 1983 and extended the time in which petitioner could file a reply from December 27, 1982 to February 1, 1983. This notice and order were returned to the Court with a notation on the envelope "Forwarding Order Expired." The Court was informally apprised by petitioner's prior counsel of another address for petitioner in New York, New York. By Order dated January 24, 1983 the Court again extended the time within which petitioner should file *535 a proper reply to February 24, 1983, and the hearing on respondent's Rule 37(c) motion was continued to the March 2, 1983 Motions Session. A copy of this Order, the December 23, 1982 order and the notice of the Rule 37(c) motion were served on petitioner at 1365 York Avenue, New York, New York 10028. These documents were also returned to the Court. When this case was called on March 2, 1983 no appearance was made by or on behalf of petitioner nor was a reply to respondent's answer filed. The Court, by order dated March 2, 1983, a copy of which was served on the parties, granted respondent's motion and deemed admitted for purposes of this case the undenied affirmative allegations of fact contained in paragraphs 9(a) through (f), 10(a) through (w), 11(a) through (m) and 12(a) of respondent's answer. This order was not returned as were the prior documents. Upon promulgation of our March 2 order the pleadings herein were closed. See Rules 34, 36, 37, 38 and 121. On August 10, 1983 respondent filed his motion herein under consideration, a Memorandum Brief *536 and an affidavit with attached exhibits. Copies of those documents together with a copy of the Court's Notice of Hearing, calendaring respondent's motion for hearing at Washington, D.C. on September 28, 1983, were served on petitioner by the Court on August 12, 1983. These documents likewise were returned to the Court with an illegible notation on the envelope. Petitioner filed no response to respondent's motion nor did he appear at the hearing on September 28, 1983. [8]
*537 The following findings of fact are based on the record as a whole, allegations in respondent's answer admitting allegations in the petition and those facts in respondent's answer deemed admitted by our March 2, 1983 order. FINDINGS OF FACT Petitioner resided at 22 Round Hill Road, Scarsdale, New York at the time he filed his petition. Petitioner filed joint 1968 and 1969 Federal income tax returns with the Internal Revenue Service. These returns were prepared by Herbert Kraus, Kraus & Miller, P.C. and reported the following: 1968
1969
Wages-Salesman
$16,450.00 $20,800.00 Interest
159.04 63.00 Tax Refunds
130.89 341.73 Schedule D
(1,000.00)
(1,000.00)
Employee Expense
145.25 During the years at issue petitioner conducted a business of selling artificial flowers as a sole proprietorship. The bulk of petitioner's sales were to Wagner Nelson, Inc. (Nelson, Inc.) in Houston, Texas and Charles Gilman, Inc. (Gilman, Inc.) in New York, New York. In 1968 and 1969, petitioner sold artificial flowers in the amounts of $130,863.89 and $63,509.68, respectively, which he did not report on his income tax returns for those years. *538 Petitioner used the aliases of Harold Roth and Harold Roth & Company when he did business with Nelson, Inc. and Gilman, Inc. at which time he knew that no such individual or entity existed. Petitioner specifically requested of Curtis Wagner of Nelson, Inc. and Charles Gilman of Gilman, Inc. that corporate check payments be made payable to Harold Roth. Petitioner did not report any income from Harold Roth & Company nor file a Schedule C for either year. Sometime prior to January 1, 1968, petitioner, using the alias Harold Roth opened checking account number XXX-XXX-192R at the New York Branch of the Bank of Tokyo (the account). During 1968 petitioner made total deposits of $102,493.56 into the account which represented payments by Gilman, Inc. and Nelson, Inc. Petitioner withdrew all these funds using the alias Harold Roth. Petitioner negotiated the following checks from Nelson, Inc. payable to Harold Roth during 1968: Date
Amount
June 25, 1968
$1,800.00
June 27, 1968
3,000.00
Petitioner engotiated checks from Nelson, Inc. payable to W. T. Yue which he failed to report as income in 1968 as follows: Date
Check Number
Amount
October 14, 1968
6777
$ 2,000.00
October 18, 1968
6778
2,000.00
October 22, 2968 [1968]
6784
2,000.00
October 25, 1968
6781
2,000.00
October 29, 1968
6782
2,000.00
November 1, 1968
6783
2,960.00
$12,960.00
*539 During 1969, Nelson, Inc. made total payments of $51,509.00 to Harold Roth. These checks were deposited into the account and were not reported as income by petitioner. Petitioner withdrew the entire amounts deposited using the alias Harold Roth. In 1969 $12,000 of receipts from Nelson, Inc. were paid to Gilman, Inc. on petitioner's behalf. These funds represented receipts from petitioner's artificial flower business which he did not report as income. Petitioner, after request therefor by respondent, refused to submit for examination complete and adequate books and records pertaining to the artificial flower business for the years 1968 and 1969, as required by the Internal Revenue Code of 1954 and the regulations promulgated thereunder. ULTIMATE FINDINGS OF FACT Petitioner fraudulently and with intent to evade tax omitted from the Federal income tax returns for the taxable years 1968 and 1969 taxable income in the respective amounts of $134,715.08 and $66,882.89. Petitioner fraudulently and with intent to evade tax failed to report and pay income tax liabilities for the taxable years 1968 and 1969 in the respective amounts of $77,192.96 and $34,278.82. A part of the *540 underpayment of tax required to be shown on petitioner's returns for 1968 and 1969 is due to fraud with intent to evade tax. The income taxes due from petitioner for the 1968 and 1969 taxable years may be assessed, or a proceeding in court for the collection of such taxes may be begun without assessment, at any time under the provisions of section 6501(c)(1), since petitioner filed false or fraudulent income tax returns for those years with the intent to evade taxes. OPINION Through respondent's affirmative allegations of fact which have been deemed admitted it is crystal clear that petitioner understated his income tax liabilities for 1968 and 1969 in the respective amounts of $77,192.96 and $34,278.82. Therefore, we see no need to comment further respecting either of the foregoing determinations. Next, we turn our consideration to the additions to the tax under section 6653(b). The burden of proof with respect to the fraud issue is upon respondent to prove, by clear and convincing evidence, that an underpayment exists and that some part of such underpayment of tax was due to fraud with an intent to evade tax, section 7454(a); Rule 142(b), Stratton v. Commissioner,54 T.C. 255 (1970); *541 Imburgia v. Commissioner,22 T.C. 1002 (1954). That burden can be satisfied by respondent through the undenied facts deemed admitted under Rule 37(c). Doncaster v. Commissioner,77 T.C. 334 (1981); Marcus v. Commissioner,70 T.C. 562 (1978), affd. in an unpublished opinion 621 F.2d 439 (5th Cir. 1980); Gilday v. Commissioner,62 T.C. 260 (1974). [9] Here material factual allegations in the answer with respect to fraud with intent to evade tax have been deemed to be admitted by our order of March 2, 1983. In our view, those findings of fact clearly and convincingly establish fraud with intent to evade tax, which is reflected in our ultimate findings of fact. Accordingly, we sustain respondent's determinations under section 6653(b). *542 In view of our disposition of the additions to the tax petitioner's statute of limitations plea is rejected. See section 6501(c)(1), which provides-- * * * (c) Exception.-- (1) False return.--In the case of a false or fraudulent return with the intent to evade tax, the tax may be assessed, or a proceeding in court for collection of such tax may be begun without assessment, at any time. * * * Respondent also requests that we consider petitioner's conviction for the years herein at bar under section 7206(1) [which pertains to false statements made in Federal income tax returns] in our disposition of the additions to the tax. Since we have independently found fraud with intent to evade tax for each of those years we need not and do not decide that issue here. See Hahn v. Commissioner,T.C. Memo. 1982-717; Romano v. Commissioner,T.C. Memo. 1980-323; and Payne v. Commissioner,T.C. Memo. 1979-442. [10]
*543 Rule 121 provides that a party may move for summary judgment upon all or any part of the legal issues in controversy so long as there are no genuine issues of material fact. Rule 121(b) states that a decision shall be rendered "if the pleadings * * * and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." [11]
In addition to those facts deemed admitted by our order of March 2, 1983 this record contains a complete copy of the notice of deficiency, the petition, the answer and respondent's affidavit. Respondent has amply demonstrated to our satisfaction that there is no genuine issue as to any material fact present in this record, and, thus, that respondent *544 is entitled to a decision as a matter of law. In such posture, summary judgment is a proper procedure for disposition of this case. Respondent's Motion for Summary Judgment will be granted in every respect. An appropriate order and decision will be entered.
Footnotes
1. This case was assigned pursuant to Delegation Order No. 8 of this Court, 81 T.C. XXV (1983).↩
2. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
3. All section references are to the Internal Revenue Code of 1954, as amended.↩
4. Thus, the total deficiency for 1969 is $34,278.82 and the total additioinal to the tax under section 6653(b) for that year is $17,139.41. Respondent bears the burden of proof for the increased deficiency and the entire additions to the tax determined for 1968 and 1969. See Rule 142(a) and (b) and sec. 7454(a).↩
5. This income resulted from the sale of artificial flowers.↩
6. See Rule 39. Respondent served a copy of his answer on petitioner's counsel on September 17, 1982.↩
7. Petitioner has never notified the Court of a change of address as required by the Court's Rules. See Rule 21(b)(4).↩
8. We observe that since the filing of the petition, petitioner has filed no papers with this Court nor has he made any effort to maintain his suit. In an affidavit attached to petitioner's counsel's motion to withdraw, it is stated-- "2. The present application to withdraw as counsel of record is made after considerable discussion with Behrman, and is made with his express consent and approval. * * * 3. * * * Behrman's reply is due on or before November 1, 1982." [Emphasis added.] A copy of a letter dated September 29, 1982 to petitioner by his counsel (which is in this record) confirms that a motion to withdraw as counsel would be filed and that petitioner's counsel gave him all of the legal pleadings and documents he needed to prosecute his case. However, petitioner has failed to do so.↩
9. See also, D'Angelico v. Commissioner,T.C. Memo. 1985-78; Estate of Hopkins v. Commissioner,T.C. Memo. 1985-75; Shulman v. Commissioner,T.C. Memo. 1985-70; Buiatti v. Commissioner,T.C. Memo. 1984-523; Wadsworth v. Commissioner,T.C. Memo. 1983-438; Poe v. Commissioner,T.C. Memo. 1983-149; Hahn v. Commissioner,T.C. Memo. 1982-717; Coastal Shipping Co. v. Commissioner,T.C. Memo. 1981-382; Burnette v. Commissioner,T.C. Memo. 1981-381; Nielson v. Commissioner,T.C. Memo. 1980-453↩.
10. See and compare Goodwin v. Commissioner,73 T.C. 215 (1979), and Considine v. Commissioner,68 T.C. 52 (1977), with Considine v. United States,683 F.2d 1285 (9th Cir. 1982), and Considine v. United States,227 Ct.Cl. 77, 645 F.2d 925↩ (1981).
11. The note to Rule 121(b) provides "In the second sentence of part (b) of this Rule, 'An' is substituted for 'Any' to stress that the Court expects, where a motion for summary judgment is filed, that an opposing response will be filed by all parties who do not agree to the relief sought by the motion." [71 T.C. 1204↩.] Petitioner filed no response to respondent's motion.