T.C. Memo. 1998-102

UNITED STATES TAX COURT

ALTON C. BINGHAM, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2300-96.                    Filed March 12, 1998.

Alton C. Bingham, pro se.

<u>Fred E. Green, Jr.</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COLVIN, <u>Judge</u>:  Respondent determined that petitioner had an
income tax deficiency of $397,590 for 1984 and additions to tax
of $198,795 under section 6653(b)(1) and $99,398 under section
6661(a).  Respondent also determined that petitioner was liable

for the addition to tax under section 6653(b)(2) of 50 percent of the interest payable on the entire deficiency.

Petitioner was a certified public accountant in 1984. He was convicted of forgery and filing a false tax return relating to four Federal income tax refund checks totaling $195,489 issued to clients. He was acquitted of embezzling $676,721 from a client trust fund. The issues for decision are:

1. Whether petitioner is collaterally estopped from denying that he received but failed to report a substantial amount of income on his 1984 return from Federal income tax refund checks payable to his clients. We hold that he is, and that he is liable for income tax on $195,489 from those checks.

2. Whether petitioner is liable for income tax on $676,721 that he received in 1984 as a trustee for clients. We hold that he is.

3. Whether petitioner is liable for the addition to tax for fraud under section 6653(b) for 1984. We hold that he committed fraud as to the amount attributable to his handling of the refund checks, but that he did not commit fraud for the amount of clients' land sale proceeds he received as a trustee.

4. Whether petitioner is liable for the addition to tax for substantial understatement of income tax under section 6661(a) for 1984. We hold that he is.

Unless otherwise indicated, section references are to the Internal Revenue Code. Unless otherwise indicated, Rule references are to the Tax Court Rules of Practice and Procedure.

## I. FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

A. Petitioner

Petitioner lived in Las Vegas, Nevada, when he filed his petition.

Petitioner was a certified public accountant from 1964 through the year at issue. In 1984, he operated a bookkeeping business, A.C. Bingham & Associates, C.P.A. Petitioner had a bank account for A.C. Bingham & Associates at Valley Bank of Nevada (Valley Bank) in 1984.

B. Petitioner's Handling of the Lopps' Land Sale Proceeds

Two of petitioner's clients were Eva and Odell Lopp (the Lopps). Petitioner was Mr. Lopp's trustee for a land sale in Laughlin, Nevada, in 1984. Petitioner received a $676,720.68 check from the Nevada Title Co. as trustee for Mr. Lopp around May 7, 1984.

On May 10, 1984, petitioner used the $676,720.68 check to buy time deposit certificates at Valley Bank for $10,000 and $666,720.68. Petitioner bought both time deposits in his name.

Petitioner's Social Security number (tax identification number) is 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. Petitioner used an incorrect Social

Security number (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) on both of the time deposit certificates.

The $10,000 time deposit certificate had a maturity date of May 24, 1984. Petitioner renewed it for an additional 14 days.

On May 17, 1984, petitioner applied for a $140,000 loan with Valley Bank in his own name. He used the $666,720.68 time deposit as collateral. He used the same incorrect Social Security number (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) on the loan application that he used on the time deposit certificates.

Petitioner wrote to Valley Bank to tell it to use the proceeds of the $666,720.68 time deposit to repay the $140,000 loan on a date not specified in the record.

On May 21, 1984, petitioner applied for a $500,000 loan from Valley Bank in his own name. He used the $666,720.68 time deposit as collateral. On the loan application, he used the same incorrect Social Security number (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) that he had used before. On May 21, 1984, petitioner received a $500,000 cashier's check as the loan proceeds.

Petitioner wrote to Valley Bank and told it to use the proceeds of the $666,720.68 time deposit to repay the $500,000 loan on a date not specified in the record. Petitioner asked Valley Bank to deposit the remaining proceeds in the account of A.C. Bingham & Associates.

On May 24, 1984, petitioner used the proceeds of the $140,000 loan to buy real property in Yreka, Siskiyou County,

California (the Yreka property). Petitioner bought the Yreka property in his own name for $113,292.79.

Petitioner invested the $500,000 cashier's check in a venture known as the CFA Notes in May 1984.

C.   Petitioner's Deposit of the Lopps' Federal Income Tax Refunds in the Oro-Tech Industries, Inc., Account

Petitioner was the bookkeeper for Oro-Tech Industries, Inc. (Oro-Tech), in 1984. Petitioner had signature authority on the Oro-Tech account at Valley Bank (the Oro-Tech account).

In September 1984, petitioner received, endorsed, and deposited in the Oro-Tech account Federal tax refund checks issued to the Lopps in the amounts of $4.13, $73,419.21, $983.41, and $121,082.39 (a total of $195,489).

D.   Petitioner's 1984 Return

Petitioner prepared his 1984 Federal income tax return and filed it on April 18, 1988. He used his correct Social Security number on the 1984 return. He did not report on his 1984 return that he received $676,720.68 from the land sale or $195,489 from the Lopps' four Federal tax refund checks.

Petitioner reported on Schedule D of his 1984 return that he had invested $500,000 in the CFA Notes. He reported that he had sold his interest in the CFA Notes for $350,000 in December 1984 and claimed a $150,000 short-term capital loss on Schedule D of his 1984 return.

Petitioner claimed a $13,015 loss on Schedule E of his 1984 Federal income tax return as a result of his purchase of the Yreka property.

E.   Petitioner's Indictment and Conviction

In February 1990, petitioner was indicted under section 7206(1) for filing a false income tax return for 1984 and for forging the Lopps' signatures on four Federal tax refund checks totaling $195,489.  The indictment alleged that petitioner received but failed to report the proceeds of the refund checks. Petitioner was also indicted for delivering U.S. obligations bearing forged endorsements and uttering, passing, and publishing U.S. obligations regarding the four refund checks.  On January 17, 1991, petitioner was convicted of those charges.

Petitioner was also indicted for embezzling and failing to report as income $676,720.68 from the Lopps' escrow account.  He was acquitted of those charges.

The U.S. Court of Appeals for the Ninth Circuit affirmed petitioner's conviction, without published opinion.  United States v. Bingham, 958 F.2d 378 (9th Cir. 1992).

F.   Trial and Petitioner's Assertion of the Fifth Amendment
     Privilege Against Self-Incrimination

Before trial, petitioner asserted that he had a Fifth Amendment right not to testify on the grounds that his testimony could be used against him in further criminal proceedings. Respondent did not call petitioner or any other witnesses to

testify except the special agent who criminally investigated the case and the revenue agent who examined petitioner's 1984 return. Petitioner did not testify or call any witnesses to testify.

## II.  OPINION

### A.  Procedural Issues

#### 1.  Petitioner's Continuance Request

One month before the trial in this case, petitioner requested a continuance to amend his petition to assert that the time to assess tax for 1984 had expired.  Petitioner did not move to amend his petition or lodge an amended petition.  We denied petitioner's motion because he did not need a continuance to raise the statute of limitations issue.  As a result of our finding of fraud (see paragraph II-C, below), the statute of limitations does not bar assessment of the deficiency for 1984, even though the notice of deficiency was sent more than 3 years after petitioner filed his return.  Sec. 6501(c).

#### 2.  Whether Petitioner Had a Right Not To Testify Because of the Fifth Amendment Privilege Against Self-Incrimination

Petitioner contends that he could not testify at trial because to do so would have required him to waive his Fifth Amendment privilege against self-incrimination.  Petitioner argues that he may not be forced to choose between defending his case and losing his privilege against self-incrimination.  He contends that the danger of self-incrimination is real and not

conjectural or fanciful.  McCoy v. Commissioner, 696 F.2d 1234 (9th Cir. 1983), affg. 76 T.C. 1027 (1981).

Petitioner bears the burden of proof on all issues in dispute except the addition to tax for fraud.  We need not decide whether petitioner had a right, based on the Fifth Amendment privilege against self-incrimination, not to testify at trial because, even if he had such a right, the burden of proof would not change.  A claim based on the Fifth Amendment privilege is not a substitute for relevant evidence.  United States v. Rylander, 460 U.S. 752, 758 (1983); Petzoldt v. Commissioner, 92 T.C. 661, 684-685 (1989).  As discussed below, he did not carry his burden of proving that he did not receive $872,210 of unreported income in 1984.  See Petzoldt v. Commissioner, supra.

3.    Failure of Both Parties To Call Mr. Lopp To Testify

Neither party called Mr. Lopp to testify.[1]  Respondent's counsel stated at trial that he had been unable to find Mr. Lopp, and that he had outstanding a subpoena issued to counsel for Mr. Lopp to obtain documents from a prior civil proceeding between petitioner and Mr. Lopp.  Petitioner argues that if Mr. Lopp had testified, petitioner could have proven that he did not underreport his income in 1984.

If a witness is equally available to both parties and neither party calls that witness at trial, then no adverse

---

[1] Eva Lopp died before the trial.

inference is warranted. Kean v. Commissioner, 469 F.2d 1183, 1187-1188 (9th Cir. 1972), affg. on this issue and revg. on another issue 51 T.C. 337, 343-344 (1968). It appears that either petitioner or respondent could have subpoenaed Mr. Lopp. We draw no inference from the fact that neither party did so.

B.  Whether Petitioner Is Liable for the Deficiency as Determined by Respondent

1.  Collateral Estoppel

Petitioner was convicted under section 7206(1) of filing a false return for 1984 by failing to report in his income the four tax refund checks totaling $195,489. His conviction estops him from contesting that he received but failed to report in 1984 a substantial amount of income attributable to the tax refund checks and that his return was willfully false. Considine v. United States, 683 F.2d 1285, 1287 (9th Cir. 1982). However, petitioner is not estopped from contesting that he received but failed to report the $676,720.68 (the land sale proceeds) because he was acquitted of all charges relating to the Lopps' land sale.

Petitioner points out that he was acquitted of both charges relating to the land sale (embezzlement and failure to report the land sale proceeds as income). However, acquittal in a criminal case where the Government has the burden of proving beyond a reasonable doubt that a crime was committed does not resolve the issue in this proceeding, where petitioner bears the burden of proving that he did not underreport income for 1984. E.g.,

Neaderland v. Commissioner, 424 F.2d 639, 643 (2d Cir. 1970), affg. 52 T.C. 532 (1969); Traficant v. Commissioner, 89 T.C. 501, 510 n.9 (1987), affd. 884 F.2d 258 (6th Cir. 1989).

As stated in paragraph II-A-2, above, petitioner may not avoid meeting his burden of proof by asserting that he has a Fifth Amendment right not to testify. United States v. Rylander, supra at 761; Traficant v. Commissioner, supra at 504; see Steinbrecher v. Commissioner, 712 F.2d 195, 198 (5th Cir. 1983), affg. T.C. Memo. 1983-12.

2. Petitioner's Lack of Evidence

Petitioner contends in his posttrial brief that he was an "accommodator" for the Lopps; that is, that Mr. Lopp was the beneficial owner of the Yreka property and the Double L Ranch (a tract of real property in Clark County, Nevada), and that petitioner invested the land sale proceeds and income tax refunds at Mr. Lopp's direction. He also contends in his brief that Mr. Lopp knew he invested in the CFA Notes and used the proceeds of the Lopps' tax refund checks to pay for the Double L Ranch. Petitioner contends that he incurred a loss as a result of a failed factoring operation in which he invested at Mr. Lopp's direction.

Petitioner did not testify and called no witnesses. There is no evidence to support the factual assertions he made in his brief. Respondent's determination is presumed to be correct, and petitioner bears the burden of proving otherwise. Rule 142(a);

Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioner must overcome the presumption as to each item of unreported income as determined by respondent. Foster v. Commissioner, 391 F.2d 727, 735 (4th Cir. 1968), affg. in part and revg. in part on other grounds T.C. Memo. 1965-246. Petitioner has not proven that he did not receive $872,210 in 1984 as determined by respondent or that the funds were not income to him in 1984.

Petitioner points out that respondent did not produce the Lopps' income tax returns, and he argues that the Lopps' returns would prove that they, and not petitioner, received the funds in dispute. Petitioner's argument misses the mark. We have found that petitioner received the funds from the land sale and used them to buy certificates of deposit in his own name.

Respondent's special agent and revenue agent testified that petitioner repaid $200,000 to the Lopps in January 1985. The record does not show what led petitioner to do that. The return of funds to the Lopps in 1985 does not establish that the funds were nontaxable to petitioner in 1984. See Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 431 (1955) (taxpayer is taxable on accessions to wealth over which he or she has complete dominion). Thus, petitioner is liable for income tax on $676,721 of the land sale proceeds and on $195,489 from the refund checks (a total of $872,210).

C.   Whether Petitioner Is Liable for the Addition to Tax for Fraud

    1.   Background

Respondent determined that petitioner is liable for the addition to tax for fraud under section 6653(b) for 1984.  For 1984, if any part of a tax underpayment is due to fraud, the addition to tax for fraud under section 6653(b)(1) is 50 percent of the total underpayment of tax, and the addition to tax under section 6653(b)(2) is 50 percent of the interest payable under section 6601, but only with respect to that part of the underpayment that is due to fraud.  Respondent has the burden of proving by clear and convincing evidence that petitioner fraudulently underpaid tax.  Sec. 7454(a); Rule 142(b); Stoltzfus v. United States, 398 F.2d 1002, 1004-1005 (3d Cir. 1968).  To meet the burden of proof, respondent must show that:  (1) An underpayment exists; and (2) the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of taxes.  Parks v. Commissioner, 94 T.C. 654, 660-661 (1990).

    2.   Underpayment

As discussed above at paragraph II-B-1, petitioner is collaterally estopped by his conviction under section 7206(1) from denying that he failed to report a substantial amount of

income in 1984 attributable to the refund checks. This establishes for purposes of this case that petitioner underpaid his income tax for 1984.

 3.  Fraudulent Intent

For purposes of section 6653(b), fraud is actual, intentional wrongdoing, Mitchell v. Commissioner, 118 F.2d 308, 310 (5th Cir. 1941), revg. 40 B.T.A. 424 (1939), or intentionally committing an act to evade a tax believed to be owing, Webb v. Commissioner, 394 F.2d 366, 377 (5th Cir. 1968), affg. T.C. Memo. 1966-81. The Commissioner may prove fraud by circumstantial evidence because direct evidence of the taxpayer's intent is rarely available. Stephenson v. Commissioner, 79 T.C. 995, 1005-1006 (1982), affd. 748 F.2d 331 (6th Cir. 1984).

The courts have developed a number of objective indicators or "badges" of fraud. Recklitis v. Commissioner, 91 T.C. 874, 910 (1988). Badges of fraud present in this case are: (a) Engaging in illegal activities, and (b) understatement of income. See Spies v. United States, 317 U.S. 492, 499 (1943); Douge v. Commissioner, 899 F.2d 164, 168 (2d Cir. 1990); Bradford v. Commissioner, 796 F.2d 303, 307-308 (9th Cir. 1986), affg. T.C. Memo. 1984-601; Recklitis v. Commissioner, supra.

 a.  Illegal Activities

Petitioner was convicted under section 7206(1) of willfully filing an income tax return for 1984 that was false in that it

failed to report $195,489 of income; forging the Lopps' signatures on four income tax refund checks; delivering U.S. obligations bearing forged endorsements; and uttering, passing, and publishing of U.S. obligations regarding the forged refund checks.

A taxpayer who has been convicted of willfully and knowingly subscribing to a false income tax return under section 7206(1) is not collaterally estopped from contesting that he or she is liable for the addition to tax for fraud because a conviction under section 7206(1) does not require a showing that the taxpayer willfully attempted to evade tax. Wright v. Commissioner, 84 T.C. 636, 643 (1985); Goodwin v. Commissioner, 73 T.C. 215, 235-239, 241-244 (1979). However, we may consider a conviction under section 7206(1) in deciding whether a taxpayer is liable for fraud. Wright v. Commissioner, supra at 643-644. Engaging in illegal activities, such as filing a false return and committing forgery, is a badge of fraud. Bradford v. Commissioner, supra.

b.   Understatement of Income

As discussed above at paragraph II-B-1, petitioner is collaterally estopped by his conviction under section 7206(1) from denying that he failed to report a substantial amount of income in 1984. This is a badge of fraud. Id. at 307.

c.   Conclusion

Petitioner is a longtime C.P.A. who operated a bookkeeping and accounting business in 1984.  Petitioner's knowledge of accounting, together with the other facts and circumstances, including his forging his name on the Lopps' refund checks, persuades us that a portion of the understatement of income tax on his 1984 return was due to fraud.  Laurins v. Commissioner, 889 F.2d 910, 913 (9th Cir. 1989), affg. Norman v. Commissioner, T.C. Memo. 1987-265; Considine v. United States, 683 F.2d at 1288.  We conclude that respondent has proven by clear and convincing evidence that part of the underpayment of tax for 1984 was due to petitioner's fraudulent failure to report income for 1984.  Thus, we sustain the addition to tax under section 6653(b)(1).

4.   Items Attributable to Fraud

For purposes of the addition to tax under section 6653(b)(2), respondent must prove the amount of the underpayment that is due to fraud.  Sec. 6653(b)(2)(A).  We found that petitioner had unreported income of $872,210 ($195,489 from four refund checks and $676,721 of the land sale proceeds).  However, petitioner's failure to meet the burden of proof with respect to this amount does not relieve respondent of the burden of proving by clear and convincing evidence the amount of the underpayment that is due to fraud for purposes of section 6653(b)(2).

Habersham-Bey v. Commissioner, 78 T.C. 304, 312 (1982); Otsuki v. Commissioner, 53 T.C. 96, 106 (1969).

Petitioner was convicted under section 7206(1) of filing a false return for 1984. Petitioner was also indicted for and convicted of failing to report in income for 1984 the proceeds of four income tax refund checks totaling $195,489. Petitioner is estopped by his conviction from arguing that he received no income from the refund checks. We may consider his conviction for failing to report the proceeds of the refund checks in deciding whether he received but did not report $195,489 in income in 1984. On the basis of the evidence presented, respondent has shown by clear and convincing evidence that petitioner intended to evade tax with respect to the income from the Lopps' income tax refund checks ($195,489). Thus, petitioner is liable for the addition to tax under section 6653(b)(2) with respect to the underpayment for 1984 attributable to the Lopps' tax refund checks.

Respondent contends that petitioner fraudulently underpaid tax relating to the $676,720.68 he received as trustee for the Lopps. We disagree.

Respondent points out that petitioner: (a) Received as trustee for Mr. Lopp a $676,720.68 check dated May 7, 1984, from the Nevada Title Co.; (b) bought two time deposits in his own name in the amounts of $10,000 and $666,720.68 with the proceeds of the check; (c) listed the account numbers of the two time

deposits when he endorsed the $676,720.68 check; (d) used the $666,720.68 time deposit as collateral for two loans in his own name in the amounts of $140,000 and $500,000; (e) used the $500,000 loan to invest in the CFA Notes, from which he claimed a $150,000 short-term capital loss on his 1984 return; (f) bought the Yreka property in his own name with the $140,000 loan and claimed a loss from the property on his 1984 return; (g) used the $666,720.68 time deposit to repay both loans and had the remaining proceeds deposited in the account of A.C. Bingham & Associates; and (h) did not report the $676,720.68 on his 1984 return.

Respondent further contends that petitioner did not give any of the land sale proceeds to the Lopps in 1984 and that petitioner knew that he was required to report as income any of the funds he did not give to the Lopps.  However, we disagree that respondent has so proven.  The special agent and revenue agent testified that petitioner did not return any of the money to the Lopps in 1984, but they said that he returned $200,000 to them in 1985.  However, neither agent said how he or she learned whether or when petitioner returned funds to the Lopps; e.g., from written documents or interviews with witnesses with personal knowledge.  Respondent did not offer any such documents or call any witnesses who had personal knowledge.  Also, respondent did not seek to offer a report containing this information into evidence under the hearsay exception for public records.  Fed. R.

Evid. 803(8); see <u>Little v. Commissioner</u>, T.C. Memo. 1996-270. Respondent has not proven fraud regarding petitioner's receipt of the land sale proceeds ($676,721) because respondent did not prove by clear and convincing evidence that petitioner did not return any of those proceeds to the Lopps in 1984 or hold the funds for them in 1984 (i.e., that the proceeds were income to petitioner in 1984), or that petitioner's underpayment of tax on that income was due to fraudulent intent.

Respondent points out that petitioner used an incorrect Social Security number on the time deposits and the loan applications (i.e., he used 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 instead of 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). Respondent contends that petitioner did this intentionally to try to make the transactions untraceable to him. However, respondent did not prove that petitioner intentionally used an incorrect Social Security number. Reversing two digits in a Social Security number may cause suspicions, but absent evidence that petitioner purposely altered his Social Security number at the time of these transactions, it does not in itself prove fraud. We will not find fraud under circumstances which at most create suspicion. <u>Davis v. Commissioner</u>, 184 F.2d 86, 87 (10th Cir. 1950); <u>Katz v. Commissioner</u>, 90 T.C. 1130, 1144 (1988); <u>Green v. Commissioner</u>, 66 T.C. 538, 550 (1976). Petitioner was acquitted of embezzlement and failure to report as income $676,721 from the Lopps' sale of land. Respondent has not shown by clear and convincing evidence that petitioner's underpayment of tax

attributable to the land sale proceeds was due to fraud.  Thus, petitioner is not liable for the addition to tax under section 6653(b)(2) for 1984 for that underpayment.

D.   Substantial Understatement of Income Tax

The next issue for decision is whether petitioner is liable for the addition to tax under section 6661(a) for 1984 for substantial understatement of income tax.  Section 6661(a) imposes an addition to tax equal to 10 percent of the amount of any underpayment attributable to a substantial understatement of income tax.

An understatement is the amount by which the correct tax exceeds the tax reported on the return.  Sec. 6661(b)(2)(A).  An understatement is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return or $5,000.  Sec. 6661(b)(1)(A).  Petitioner bears the burden of proving that he is not liable for the addition to tax under section 6661(a).  Rule 142(a); Tweeddale v. Commissioner, 92 T.C. 501, 506 (1989).

If a taxpayer has substantial authority for the tax treatment of any item on the return, the understatement is reduced by the amount attributable to it.  Sec. 6661(b)(2)(B)(i).  The amount of the understatement is reduced for any item adequately disclosed on the taxpayer's return or in a statement attached to the return.  Sec. 6661(b)(2)(B)(ii).  Petitioner does not contend that these exceptions apply here.  Petitioner has offered no evidence or argument that he is not

liable for the addition to tax under section 6661(a).  See

paragraph II-A-2, above, where we addressed petitioner's self-

incrimination claim. We conclude that petitioner is liable for

the section 6661(a) addition to tax for 1984.

   To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.