Thalia Kelley CONSIDINE, and Charles
Ray Considine, Plaintiffs-Appellants,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 80–5676.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 6, 1982.

Decided Aug. 13, 1982.

William Lee McLane, McLane & McLane, Phoenix, Ariz., for plaintiffs-appellants.

Carleton D. Powell, Washington, D. C., argued, for defendant-appellee; Michael L. Paup, John F. Murray, Acting Asst. Atty. Gen., Murray S. Horwitz, Washington, D. C., on brief.

Before CHAMBERS, ANDERSON and SKOPIL, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

Considine appeals from summary judgment entered in favor of the Government in his tax refund suit. He contends that the district court erred in holding that his prior conviction for filing a false return collaterally estopped him from contesting liability for a civil fraud penalty. We affirm, although for reasons different from those relied on by the district court.

FACTS

Charles and Thalia Considine filed a joint tax return for 1965 showing $8,701 interest income. In 1972, Charles Considine was convicted of willfully filing false tax returns for 1965–67 and 1969, in violation of I.R.C. § 7206(1). The indictment charged and the trial court found that Considine had omitted $57,131 interest income in 1965. This court affirmed. *United States v. Considine*, 502 F.2d 246 (9th Cir. 1973), *cert.*

1. Although the burden of proof is usually on the taxpayer in contesting a deficiency, the Government has the burden of proof to establish the elements of the civil fraud penalty by clear and convincing evidence. *See Lollis v. Commissioner*, 595 F.2d 1189, 1192 (9th Cir.

*denied*, 416 U.S. 970, 94 S.Ct. 1992, 40 L.Ed.2d 558 (1974). The Commissioner later issued notices of deficiency for 1965, including civil fraud penalties totaling $30,-433. The Considines paid the deficiencies and sued for a refund.

The Government moved for summary judgment, contending that the prior conviction estopped Considine from contesting any elements of the civil fraud penalty or that the fraud exception to the statute of limitations applied. The trial court granted the motion and entered judgment for the Government.

I

Collateral Estoppel

To establish liability for the section 6653(b) 50 percent civil fraud penalty, the Government must establish: (1) a knowing falsehood; (2) an intent to evade taxes; and (3) an underpayment of tax.[1] *See Considine v. United States*, 645 F.2d 925, 929 (Ct.Cl.1981). A prior conviction will estop a party from contesting in a later civil suit any element necessarily established in the criminal trial. *See Commissioner v. Sunnen*, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1948).

The district court relied upon *Considine v. Commissioner*, 68 T.C. 52 (1977)(*Considine I*) in holding that Considine was collaterally estopped from contesting the elements of the fraud penalty.[2] In that case the Tax Court held that conviction under section 7206(1) for filing a false return necessarily involves fraud against the Government. The Tax Court reasoned: (a) that it had previously held that a conviction for willfully attempting to avoid tax (I.R.C. § 7201) established fraudulent intent justifying a civil fraud penalty, *see Amos v. Commissioner*, 43 T.C. 50, *aff'd*, 360 F.2d 358 (4th

1979); *Powell v. Granquist*, 252 F.2d 56, 61 (9th Cir. 1958).

2. In *Considine I*, the taxpayer contested the civil fraud penalty assessed for 1969.

Cir. 1965); (b) that the Supreme Court had held that "willfully" has the same meaning in section 7206(1) (false return) as in section 7201 (attempt to evade tax), *see United States v. Bishop*, 412 U.S. 346, 93 S.Ct. 2008, 36 L.Ed.2d 941 (1973); and (c) therefore that a conviction for filing a false return, without more, establishes fraud justifying the civil penalty. *Considine I*, 68 T.C. at 59–61. The Tax Court also held that the conviction necessarily established underpayment of tax because the indictment had charged that the return was false in that certain items of income were omitted. *Id.* at 61–66. The court agreed with the taxpayer, however, that the conviction did not establish the exact amount of the underpayment, because proof of the amount of underpayment was not required to convict under section 7206(1). *Id.*

■ We believe *Considine I* is incorrect. The Supreme Court acknowledged in *Bishop* that sections 7201 and 7206(1) each require "willful" perpetration of a different act. 412 U.S. at 360 n.8, 93 S.Ct. at 2017 n.8. The express language of section 7201 requires an intent to avoid tax (a legitimate synonym for fraud). Section 7206(1) (false return), however, does not require any fraudulent intent. *See, e.g., United States v. DiVarco*, 484 F.2d 670, 673 (7th Cir. 1973), *cert. denied*, 415 U.S. 916, 94 S.Ct. 1412, 39 L.Ed.2d 470 (1974); *Schepps v. United States*, 395 F.2d 749 (5th Cir.), *cert. denied*, 393 U.S. 925, 89 S.Ct. 256, 21 L.Ed.2d 261 (1968). Because section 7206(1) does not require a willful attempt to evade tax, a conviction under section 7206(1), without more, does not establish fraudulent intent. *See Goodwin v. Commissioner*, 73 T.C. 215, 235–39, 241–44 (1979) (Judges Featherston and Chabot, dissenting).

■ We agree with *Considine v. United States*, 645 F.2d 925, 928–31 (Ct.Cl.1981) (*Considine II*),[3] however, that the prior conviction does estop Considine from contesting that the return was willfully false and resulted in an underpayment of tax. Proof of falsity is a necessary element for the section 7206(1) conviction because the statute expressly requires it. Proof of omission of the interest income was necessary because that was the specific falsity the indictment charged.

■ Considine contends that even this limited collateral estoppel is inappropriate because the findings regarding falsity and omission of income were not "ultimate" findings in either the prior conviction or the present case. *See The Evergreens v. Nunan*, 141 F.2d 927 (9th Cir.), *cert. denied*, 323 U.S. 720, 65 S.Ct. 498, 89 L.Ed. 579 (1944); *Yates v. United States*, 354 U.S. 298, 337–38, 77 S.Ct. 1064, 1086–1087, 1 L.Ed.2d 1356 (1957). We do not agree. The only sense in which the findings from the prior conviction are not "ultimate" is that they are not the only findings required to resolve the current suit. We know of no authority suggesting that collateral estoppel may be applied only where it resolves all issues in the second suit. *See Considine II*, 645 F.2d at 931 n.19; *The Evergreens*, 141 F.2d at 928. *See generally, Pullman-Standard v. Swint*, —— U.S. ——, —— – ——, 102 S.Ct. 1781, 1788–1791, 72 L.Ed.2d 66 (1982).

*Considine II* also held that although Considine was not estopped from contesting fraudulent intent and the amount of underpayment, there was no material issue of fact as to these matters and summary judgment should be entered for the Government. *Considine II*, 645 F.2d at 931–32. We conclude that there was also no materi-

---

**3.** In *Considine II*, Considine challenged in the Court of Claims the civil fraud penalty assessed for 1966 and 1967. The Government does not contend that the decisions in *Considine I* or *Considine II* regarding years 1966–67 and 1969

estop Considine from contesting in the present case the validity of the penalty for 1965. *But see generally Starker v. United States*, 602 F.2d 1341, 1344–48 (9th Cir. 1979).

al issue of fact on these issues in the present case.[4]

The Government contended in its summary judgment moving papers that Considine's return falsely omitted $57,131 interest income. Considine did not contest this figure. He controverts the Government's calculations only on the basis that the entire amount is not taxable income. This he may not do; the prior conviction established that he received a substantial amount of unreported interest income. Because Considine does not controvert the Government's calculation of the amount of this income, we must conclude there is no material issue of fact on this issue. There is also no dispute regarding the calculation of the penalty. Considine stipulated that if $57,181 were added to taxable income, the Commissioner's calculation of the amount of underpayment (from which the penalty is calculated) would be correct.

We think it is equally clear that there is no material issue of fact whether the return was filed with intent to evade tax. The Government's moving papers asserted that Considine had studied law, had practiced as a tax accountant, and was well versed in tax law. Considine did not controvert this. The natural inference to be drawn from willful underpayment by such a sophisticated taxpayer is that it is done with intent to defraud the Government. Considine offered no evidence or argument suggesting that the false statements were made with any other intent.[5] Therefore, the trial court properly concluded that there was no factual dispute and that the Government was entitled to summary judgment on this issue.

## II

### Statute of Limitations

There is no statute of limitations "in the case of a false or fraudulent return with intent to evade tax." I.R.C. § 6501(c)(1). Our conclusion that there was intent to evade tax for purposes of the civil fraud penalty also invokes this exception to the statute of limitations. *See Considine II*, 645 F.2d at 932.

## III

### Liability of Considine's Wife

Thalia Considine argues that the district court erred in holding that she had established no basis for relief from the penalty because there was no evidence that she participated in the fraud. *See* I.R.C. § 6653(b). We do not agree.

Where there has been no showing that the wife is involved in the fraud, the entire penalty may be assessed against the husband, even if it will be paid out of community funds. *See Lollis v. Commissioner*, 595 F.2d 1189, 1192 (9th Cir. 1979). Here there was no evidence that the Government collected the penalty from Thalia Considine; the Considines jointly paid the deficiency and sued for a refund. Thus, although Thalia Considine may have a theoretical right not to be assessed for fraud, there is no practical remedy because no refund is due.

AFFIRMED.

---

4. Although this was not the basis on which summary judgment was entered by the district court, this court may affirm on any basis presented in the record. *See Shipley v. United States*, 608 F.2d 770, 773–74 (9th Cir. 1979).

5. As the court noted in *Considine II*, this is not the type of case where the taxpayer falsifies the source but not the amount of income to cover up the illegal nature of his operations. 645 F.2d at 932 n.20. Such a case might not give rise to the same inference that the false return was filed with the intent to avoid paying taxes.