LEON STOBAUGH and BARBARA STOBAUGH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Stobaugh v. Commissioner
Docket No. 12073-79
United States Tax Court
T.C. Memo 1984-112; 1984 Tax Ct. Memo LEXIS 565; 47 T.C.M. (CCH) 1227; T.C.M. (RIA) 84112; March 6, 1984
Leon Stobaugh, pro se. Lottie G. Wolfe, for the respondent. WILBUR
*566 MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined the following deficiencies in petitioners' Federal income tax and additions to tax under sections 6651(a), 6653(a), 6653(b), and 6654: [1]
Party to whom notice
of deficiency was
Type of
Amount of
issued
Year
Deficiency
Addition
Addition
Leon Stobaugh
1967
$4,479.40
Sec. 6651(a)
$1,119.85
Leon Stobaugh
1967
Sec. 6653(a)
223.97
Leon Stobaugh
1967
Sec. 6654
143.33
Leon Stobaugh
1968
2,477.94
Sec. 6651(a)
619.49
Leon Stobaugh
1968
Sec. 6653(a)
123.90
Leon Stobaugh
1968
Sec. 6654
79.30
Barbara Stobaugh
1967
4,057.81
Sec. 6651(a)
1,014.20
Barbara Stobaugh
1967
Sec. 6653(a)
202.85
Barbara Stobaugh
1967
Sec. 6654
129.82
Barbara Stobaugh
1968
1,978.74
Sec. 6651(a)
494.68
Barbara Stobaugh
1968
Sec. 6653(a)
98.94
Barbara Stobaugh
1968
Sec. 6654
63.31
Leon Stobaugh and
Barbara Stobaugh
1970
1,374.08
Sec. 6653(b) *
687.04
Leon Stobaugh and
Barbara Stobaugh
1971
14,738.00
Sec. 6653(b) *
7,369.00
*567 After concessions, the issues remaining for our decision are: (1) whether petitioner Leon Stobaugh made payments for the use of a backhoe in 1967; (2) whether petitioner Leon Stobaugh paid $5,300 to a business supplier in 1968; and (3) whether petitioner Leon Stobaugh is liable for an addition to tax under section 6653(b) for the year 1971. FINDINGS OF FACT Some of the facts have been stipulated and those facts are so found. The stipulation and attached exhibits are incorporated by this reference.The deficiencies and additions to tax assessed against petitioner Barbara Stobaugh have been settled, therefore any references to petitioner involve only Leon Stobaugh. Petitioners Leon and Barbara Stobaugh resided in Bakersfield, California, when the returns and petition were filed in this case.They willfully neglected to file returns for the years 1967 and 1968 in violation of section 6651(a), and negligently or intentionally disregarded the rules of the Internal Revenue Code in violation of section 6653(a) in those years. Their gross income, calculated by respondent, in those years was $104,518.35 and $21,891.04, respectively. Petitioner had allowable business expenses in 1967 *568 and 1968 of $90,763.55 and $8,020.23. Petitioner does not contest these figures, but does claim that he is entitled to additional expenses in each of the 2 years. During the years at issue petitioner was in the sewer and water line business, operating as the Stobaugh Sewer Company. In 1967 he worked with Oldham Construction Company on a housing development in Stockton, California. Petitioner and his crew dug the land, laid the pipe, and did other work related to installing a sewer system. Stockton is some 200 miles from petitioner's home in Bakersfield, so rather than transporting his own backhoe to the job site, petitioner hired Johnny True, a local owner/operator, to help dig the lines necessary to installation of the sewer system. Mr. True worked for petitioner for 16 weeks at a rate of $500 per week. The Oldham Construction Company paid Johnny True for three of those weeks. Petitioner paid the remaining $6,500, yet respondent included only $500 in calculating petitioner's 1967 business expenses. At trial petitioner introduced a 1968 receipt showing charges of $5,300 for various construction supplies. This "receipt" appears to be part of a page torn from a ledger. No *569 names are on it, thus we do not know who was the buyer or the seller of these supplies. Petitioners timely filed their 1970 and 1971 Federal income tax returns. Those items omitted from 1970 income have been agreed to by petitioner, and additional business expenses have been substantiated. As a result, there is no deficiency remaining for that year. The parties have also reached agreement on the 1971 deficiencies. In February 1977 Leon Stobaugh pleaded not guilty to charges of wilfully subscribing to false 1970 and 1971 income tax returns in violation of section 7206(1). Petitioner presented arguments and evidence designed to show his innocence, but was found guilty by the jury. Final judgment was entered against him in March 1977. Ruth Drake, [2] petitioner's bookkeeper, prepared his 1971 income tax return. She asked Stobaugh where she could find information about his gross income; he told her the money was in his business checking account. Mrs. Drake then totalled up the deposits shown on bank statements and/or deposit slips to arrive at gross income. The amount shown on the return also included $25,000 which petitioner had deposited in his savings account. Mrs. Drake *570 learned of this money when she found the deposit slip in the files and questioned petitioner about it. He told her that he had forgotten about that money, then told her that it should be included in his income. During the course of the criminal investigation, respondent's agent Dale Smith discovered two sources of unreported income. First, petitioner sometimes deposited less than the full amount of incoming checks in the bank. The bank statements and deposit slips used by Mrs. Drake showed only the net deposit, not the total payment received. [3] Second, petitioner sometimes endorsed his checks directly over to his suppliers to pay his bills to them. These checks were not included in the income reported on petitioner's return. Petitioner paid his suppliers in this manner throughout the years at issue. Usually the *571 supply company would issue an "exchange check" to petitioner for the excess of the amount of the initial check over the amount due the supplier. [4]
OPINION Petitioner Leon Stobaugh was in the sewer and water line construction business during the years at issue. He failed to file Federal income tax returns in 1967 and 1968, and in 1971 filed a return which substantially understated his income. Petitioner asserts that he is entitled to additional business deductions in 1967 and 1968, and that he is not liable for the addition to tax under section 6653(b) for the year 1971. Petitioner *572 claims that in reconstructing his 1967 business expenses respondent failed to include $8,000 paid to Johnny True for use of a backhoe in Stockton. The evidence before us shows that $1,500 of this expense was paid by Oldham Construction Company. Petitioner's claim is denied to the extent of that payment, but he is entitled to an additional $6,000 in expenses. [5]
Petitioner claims an additional deduction of $5,300 in 1968, relying on a receipt which was not in his bookkeeper's files, thus not included in respondent's calculation. This "receipt" is nothing more than part of a page torn from someone's accounting records, and is insufficient proof that any payment was made by petitioner Stobaugh. The deduction is therefore denied. The third issue is whether petitioner Leon Stobaugh's underpayment of tax in 1971 was due to fraud, rendering him liable for the addition to tax imposed by section 6653(b). The existence of fraud is determined from consideration of all the facts and circumstances. Stratton v. Commissioner,54 T.C. 255, 284 (1970). Respondent *573 bears the burden of proof, must show clear and convincing evidence of each element of fraud. Section 7454(a); Rule 142(b), Tax Court Rules of Practice and Procedure; Stratton v. Commissioner,supra.
In Considine v. United States,683 F.2d 1285, 1286 (9th Cir. 1982), the Ninth Circuit held that to establish civil fraud the Government is required to show (1) a knowing falsehood; (2) an underpayment of tax; and (3) an intent to evade tax. Discussing the third element, the court held that a conviction under section 7206(1) did not necessarily include a finding of fraudulent intent. Considine v. United States,supra at 1287. In so ruling the court expressly disagreed with what it perceived to be the holding of this Court in Considinev. Commissioner,68 T.C. 52 (1977) (Considine I). [6]Golsen v.Commissioner,54 T.C. 742 (1970), affd. 445 F.2d 985 (10 Cir. 1971), requires us to follow a Court of Appeals decision squarely on point where appeal from our decision lies to that Court. Accordingly, we will follow the analysis of Considinev. United States,683 F.2d 1285 (9th Cir. 1982). *574 *575 Respondent contends, and correctly so, that the doctrine of collateral estoppel bars petitioner from contesting any issues actually litigated during his criminal trial. Considine v. United States,supra; Commissioner v. Sunnen,333 U.S. 591 (1948). He was found guilty of willfully subscribing to a false return; the first element of civil fraud is, therefore, conclusively established. Respondent has also established by clear any convincing evidence that there was an underpayment of tax in 1971. The third element of civil fraud has, however, not been conclusively established: "Because section 7206(1) does not require a willful attempt to evade tax, a conviction under section 7206(1), without more, does not establish fraudulent intent." Considine v. United States,683 F.2d at 1287. The intent required for a finding of fraud has been described as an "intentional wrongdoing * * * motivated by a specific purpose to evade a tax known or believed to be owing," Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968), cert. denied 393 U.S. 1020 (1969); Powell v. Granquist,252 F.2d 56 (9th Cir. 1958); *576 and as an act attributable to "bad faith or evil intent." United States v. Bishop,412 U.S. 346, 360 (1973). Respondent must show that the taxpayer intended to evade taxes by concealing, misleading, or generally preventing the collection of taxes. Stoltzfus v. United States,supra;Wilson v. Commissioner,76 T.C. 623 (1981); Mitchell v. Commissioner,118 F.2d 308 (5th Cir. 1941).
We find that the respondent has shown petitioner's fraudulent intent by clear and convincing evidence. Respondent described two sources of unreported income. The first stemmed from petitioner's practice of depositing less than the full amount of some checks in his business checking account. Both the bank statements and the duplicate deposit slips which petitioner's bookkeeper used in finding gross income showed only the net deposit, and by this method substantial income was not reported. Petitioner did not tell Mrs. Drake about these additional sums when questioned about his income. Respondent argues that this shows petitioner's fraudulent intent, and we agree. Petitioner was an intelligent man, and he knew and intended the consequences *577 of this procedure. He confirmed this intent when he lied to Mrs. Drake. Petitioner also acted fraudulently by failing to tell his bokkeeper that he endorsed certain checks directly over to his suppliers. When petitioner endorsed a check directly to his suppliers, they would issue him an "exchange check" for the amount due him after payment for supplies that did not find their way into his income as reported by Mrs. Drake. Again, we found petitioner to be an intelligent man who understood precisely what he was doing, and on the record before us, he must be presumed to have intended the consequences of his act. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years at issue.↩
*. The additions to tax under section 6653(b) for the years 1970 and 1971 apply only to petitioner Leon Stobaugh. ↩
2. Mrs. Drake did not testify in the trial because she died sometime after petitioner's criminal trial in 1977. She was interviewed by respondent's agent Dale Smith in the course of his investigation. Drake's statements are admissible as the admissions of a party-opponent under Rule 801(d)(2)(D), Federal Rules of Evidence.↩
3. One exhibit introduced by respondent showed a check of $5,200, and a net deposit of $4,700; the remaining $500 was given to petitioner in cash and a cashier's check. ↩
4. Much of the testimony at trial was devoted to this practice. In one instance, petitioner received a check for $65,000. He turned this over to Central Valley Supply to pay a bill of $35,000, and then received a check for the balance, $30,000. When respondent's agents reconstructed petitioner's income they included both the $65,000 and the $30,000 in income, but also gave petitioner a business deduction for the full $65,000.↩
5. The additional deduction is $6,000 rather than $6,500 because respondent already allowed $500 as an expense.↩
6. Considine v. Commissioner,68 T.C. 52 (1977) involved tax year 1969. We held that conviction under sec. 7206(1) requires a finding that the taxpayer had "willfully" made a return which he does not believe to be true and correct. We noted that the term "willfully" as used in sec. 7201 encompassed all of the elements of fraud in sec. 6653(b), including "a specific intent * * * to evade or defeat the * * * tax." We then concluded that the sec. 7206(1) conviction for "willfully" making a return was proof that the return was fraudulent. We further noted that it is not essential to the judgment of conviction under sec. 7206(1) that there be an underpayment of tax. Considine v. Commissioner,68 T.C. at 61. See also Goodwin v.Commissioner,73 T.C. 215, 229 (1979). The Considines then went to the Court of Claims seeking a refund of the sec. 6653(b) additions they had paid for tax year 1966 and 1967.In Considine v. United States,227 Ct. Cl. 77, 645 F.2d 925 (1981) (Considine II), that court found independent indicia of fraudulent intent, so did not address the issue of collateral estoppel. Mr. Considine sought a refund for 1965 in the District Court. The court granted the Government's motion for summary judgment, and held that "by reason of his prior conviction under 26 U.S.C. 7206(1)" the plaintiff was estopped from denying that he willfully filed a fraudulent return. Considine v. United States, an unreported case, 45 AFTR 2d 80-1315, 80-1 USTC par. 9395 (S.D.Cal. 1980).This last decision was affirmed, albeit for different reasons, in Considine v. United States,683 F.2d 1285↩ (9th Cir. 1982).