T.C. Memo. 2004-146


UNITED STATES TAX COURT


PAUL MCGOWAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13587-01.                    Filed June 21, 2004.


<u>Daniel L. Britt, Jr.</u>, for petitioner.

<u>Travis T. Vance III</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  The issues for decision are whether petitioner is liable for deficiencies and fraud penalties relating to 1991, 1992, and 1993.

FINDINGS OF FACT

In 1968, petitioner began operating McGowan Construction Company, Inc. (the Company), an S corporation. Petitioner is the president and sole shareholder of the Company.

In 1987, petitioner married Bonnie Cason, owner and operator of Bonnie's Sportswear, a wholesale garment manufacturing business. Soon after they were married, petitioner hired Leonard Kisalus, Ms. Cason's accountant, to set up the Company's accounting and payroll records and prepare tax returns. Mr. Kisalus prepared the Company's 1987 through 1993 returns and petitioner's 1985 through 1993 returns.

In 1990, petitioner purchased a computer for the Company, and Mr. Kisalus installed, on the computer, an accounting software program to record general ledger, payroll, invoice, and accounts receivable information. Petitioner's secretaries did not have any previous bookkeeping experience, but Mr. Kisalus trained them to manage the Company's bookkeeping responsibilities.

Each year petitioner and his secretaries maintained a handwritten ledger to record all work performed, invoices prepared, and customer checks received. The secretaries opened the Company's mail and collected customer checks. They would match each check with its corresponding invoice and record, in

the handwritten ledger, that the invoice had been paid.  In addition, the secretaries recorded, in the general ledger, the customer checks they deposited in the Company's account and used this information to prepare monthly financial statements.

From 1990 through 1993, petitioner and his secretaries recorded the receipt of all of the customer checks in petitioner's handwritten ledger.  During this period, petitioner cashed, or deposited into his personal bank account, customer checks and used the proceeds for his personal benefit.  The Company's balance sheets for each year in issue reflected significant balances in the shareholder equity accounts (shareholder accounts), which included shareholder loan, capital stock, retained earnings, and current earnings.

Beginning in 1990, Ms. Cason became concerned because some of the customer checks were not being deposited into the Company's account.  Ms. Cason informed Mr. Kisalus that she did not want to file a 1990 joint return.  Mr. Kisalus asked petitioner whether all customer checks were being accounted for, and petitioner told Mr. Kisalus that all of the income was being recorded in the Company's books.  Based upon petitioner's assurance, and Mr. Kisalus's belief that Ms. Cason would qualify as an innocent spouse even if petitioner were underreporting his

income, Mr. Kisalus convinced Ms. Cason to sign a 1990 joint return.

Prior to signing a 1991 return, Ms. Cason sought legal advice to determine whether she would qualify as an innocent spouse if petitioner failed to report all of his income on their joint return. Ms. Cason subsequently refused to sign a 1991 joint return with petitioner. Her failure to do so precipitated petitioner and Ms. Cason's 1992 separation and 1994 divorce. Ms. Cason subsequently contacted the Internal Revenue Service and alleged that petitioner had taken funds from the Company and not reported those funds on his returns.

Mr. Kisalus had access to, but did not review, the handwritten ledger, accounts receivable, and invoices. He relied exclusively on the bank records and financial statements (i.e., prepared from the information in the general ledger) to prepare the Company's 1991, 1992, and 1993 returns.

By notice of deficiency dated September 6, 2001, respondent determined deficiencies of $103,299, $36,968, and $67,180 and fraud penalties, pursuant to section 6663,[1] of $77,474, $27,726, and $50,385 relating to 1991, 1992, and 1993, respectively.

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

In 1998, petitioner was convicted, pursuant to section 7206(1), of filing false tax returns and, pursuant to section 7206(2), of aiding or assisting the filing of false tax returns relating to 1991, 1992, and 1993. The convictions were subsequently affirmed on appeal and became final.

On December 4, 2001, petitioner, while residing in Townsend, Georgia, filed his petition with this Court.

OPINION

Petitioner concedes that he underreported his 1991 through 1993 taxes, but contends that the liabilities were determined after the 3-year and 6-year periods of limitations set forth in section 6501(a) and (e), respectively. Respondent contends that the determinations are timely because petitioner's underpayments are due to fraud and thus are not subject to either the 3-year or 6-year limitations period. Sec. 6501(c)(1).

Petitioner's conviction, pursuant to section 7206(1), is a badge of fraud and estops him from contesting that he filed false 1991, 1992, and 1993 returns and that an underpayment exists for these years. Bradford v. Commissioner, 796 F.2d 303, 307-308 (9th Cir. 1986), affg. T.C. Memo. 1984-601; Considine v. United States, 683 F.2d 1285, 1287 (9th Cir. 1982); Wright v. Commissioner, 84 T.C. 636, 643-644 (1985). Respondent cannot rely on petitioner's conviction to sustain his burden of

establishing fraud but must clearly and convincingly prove that petitioner intended to evade tax. Sec. 7454(a); Rule 142(b); Parks v. Commissioner, 94 T.C. 654, 660-661 (1990); Wright v. Commissioner, supra at 643-644. This burden is met where respondent proves conduct intended to conceal, mislead, or otherwise prevent the collection of tax. Parks v. Commissioner, supra at 661. Fraud is not to be imputed or presumed but rather must be established by some independent evidence. Beaver v. Commissioner, 55 T.C. 85, 92 (1970).

Respondent has failed to meet his burden. Respondent's witnesses either supported petitioner's contentions or presented contradictory and unconvincing testimony. In addition, the typical indicia of an intent to evade tax are not present. Petitioner maintained adequate records, made all pertinent information available to his secretaries (i.e., who prepared records for Mr. Kisalus to use in preparing petitioner's returns) and subsequently to the Internal Revenue Service, cooperated with the Internal Revenue Service's investigation, and did not employ any scheme to conceal income. Petitioner and his secretaries recorded, in the handwritten ledger, the receipt of all customer checks (i.e., those cashed or deposited in his personal account). Mr. Kisalus, on whom petitioner relied, did not, however, use this ledger to prepare the Company's returns.

Petitioner questioned Mr. Kisalus about the shareholder accounts and believed that the checks he converted to personal use were included in these accounts. While he knowingly underreported his income during the years in issue, petitioner, who had an eighth grade education, believed that any disparity between his reported income and the amounts reflected in the shareholder accounts would ultimately be reconciled and that, at some point, he would pay the appropriate amount of tax relating to all of his income. Inexplicably, respondent failed to address petitioner's apparent confusion relating to these shareholder accounts (i.e., respondent did not question any witnesses about this issue or address it on brief). In essence, respondent rested on petitioner's conviction and ignored this critical issue relating to petitioner's intent to evade tax.

Accordingly, respondent's determinations relating to 1991, 1992, and 1993 are barred.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered for petitioner</u>.

[REPORTER'S NOTE: This opinion was amended by Order dated Sept. 14, 2004.]