**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-16843 |
| Plaintiff - Appellee, | D.C. No. 2:05-cv-00768-SRB |
| v. | |
| REAL PROPERTY LOCATED AT 11211 E. ARABIAN PARK DR., SCOTTSDALE, AZ, | MEMORANDUM[*] |
| Defendant - Appellee, | |
| AND REGARDING THE INTEREST OF IRA W. GENTRY, JR., | |
| Claimant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued and Submitted September 9, 2010
San Francisco, California

Before: B. FLETCHER, TALLMAN and RAWLINSON, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Ira Gentry appeals the district court's grant of summary judgment for the government in an *in rem* proceeding under 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C), seeking forfeiture of real property located at 11211 East Arabian Park Drive, Scottsdale, Arizona (the *res*). The district court had jurisdiction under 28 U.S.C. §§ 1345 and 1355. We have jurisdiction under 28 U.S.C. §1291. We affirm.

We review *de novo* the district court's grant of summary judgment, *Nunez v. Duncan*, 591 F.3d 1217, 1222 (9th Cir. 2010). Summary judgment was appropriate here because, even viewing the evidence in the light most favorable to Gentry as the non-moving party, there is "no genuine issue of material fact" that the *res* was derived from proceeds traceable other than to securities fraud and wire fraud. *See* Fed. R. Civ. P. 56(c). Thus, the government "is entitled to judgment as a matter of law." *Id*.

Gentry concedes that the *res* was purchased with funds derived from the sale of UniDyn stock in 2000. However, he argues that those sales were "100% legal." Gentry's conviction for conspiracy to defraud the United States government and commit securities fraud and wire fraud estops him from claiming that his sales of UniDyn stock in 2000 were legal. *See Considine v. United States*, 683 F.2d 1285, 1286 (9th Cir. 1982). In *United States v. Gentry*, D.C. No 2:06-cr-00464-SRB-1 (D. Ariz., Mar. 17, 2009), the jury convicted Gentry of engaging in a conspiracy

from 1997 to 2002 to secretly acquire ownership of UniDyn stock, mislead the investing public and the SEC through wire communications in order to inflate the value of the stock, and then sell the stock through Canadian brokerage firms for significant profit. The jury's verdict was firmly rooted in a finding of fraudulent conduct, and it prevents Gentry from disputing either the existence of the conspiracy or the means used to effectuate it. *See Emich Motors Corp. v. General Motors Corp.*, 340 U.S. 558, 570-71 (1951).

In addition, in response to one of Gentry's motions for summary judgment, the government submitted an affidavit from IRS Agent Linda Wallace attesting that she was able to trace the purchase of the *res* to the proceeds of sales of UniDyn stock and to Gentry's fraud scheme. Gentry failed to make a showing sufficient to establish a genuine dispute of material fact regarding Agent Wallace's evidence of the essential elements of the forfeiture action. *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009); *Galen v. County of Los Angeles*, 477 F.3d 652, 658 (9th Cir. 2007).

We also reject Gentry's three additional arguments challenging the district court's grant of summary judgment. First, the complaint was timely filed within five years of the purchase of the *res*. *See* 28 U.S.C. § 2462. Second, the civil forfeiture statute, 18 U.S.C. § 981, does not require the government to prove that the funds used to purchase the *res* were the "profits" of unlawful activity. The

statute subjects to forfeiture all property traceable to the "proceeds" of unlawful activity and defines "proceeds" as anything obtained directly or indirectly as a result of the unlawful activity, not limited to net gain or profits. 18 U.S.C. § 981(a)(2)(A). Third, in a civil forfeiture action, the government does not need to prove that the property was obtained at the loss to another or the market in general. *See* 18 U.S.C. § 981. Gentry raised two additional claims but did not support them with facts or citations to legal authority. Therefore, he has abandoned them. *See Huppert v. City of Pittsburg*, 574 F.3d 696, 710 (9th Cir. 2009).

AFFIRMED.