Justice Ginsburg,
with whom Justice Breyer and Justice Kagan join,
dissenting.
Petitioner Akio Kawashima was convicted of preparing a false corporate tax return in violation of 26 U. S. C. § 7206(1). His wife, petitioner Fusako Kawashima, was convicted under § 7206(2) of assisting her husband in preparing the false return. The question presented is whether a conviction under §7206 is an “aggravated felony” that renders the Kawa-shimas deportable from the United States. See 8 U. S. C. § 1227(a)(2)(A)(iii).
Congress has defined “aggravated felony” to include, inter alia, offenses that “(i) involv[e] fraud or deceit in which the loss to the victim or victims exceeds $10,000” or “(ii) [are] described in section 7201 of title 26 (relating to tax evasion) in which the revenue loss to the Government exceeds $10,000.” § 1101(a)(43)(M). The Kawashimas argue that tax offenses triggering deportation are delineated exclusively in § 1101(a)(43)(M)(ii) (or Clause (ii)), and that § 1101(a)(43)(M)(i) (or Clause (i)) does not encompass tax crimes. The Court rejects this argument, and holds that any tax offense “involving] fraud or deceit,” if the loss to the fisc exceeds $10,000, ranks as an “aggravated felony.” See ante, at 489 and this page. Because the Kawashimas’ tax offense involved deceit and meets the monetary threshold, the Court concludes, they have committed an aggravated felony and are therefore deportable.
The Court’s construction of the statute is dubious, as I see it. For one thing, it effectively renders Clause (ii) su *491 perfluous. Further, the Court’s reading sweeps a wide variety of federal, state, and local tax offenses — including misdemeanors — into the “aggravated felony” category. In addition, today’s decision may discourage aliens from pleading guilty to tax offenses less grave than tax evasion, thereby complicating and delaying enforcement of the internal revenue laws. I conclude that Clause (i) does not address tax offenses, and would therefore hold that making a false statement on a tax return in violation of § 7206 is not an “aggravated felony.”
I
Any alien convicted of an “aggravated felony” after admission to the United States is deportable. 8 U. S. C. § 1227(a)(2)(A)(iii). Subparagraph (M) of §1101(a)(43) includes as an “aggravated felony”:
“an offense that—
“(i) involves fraud or deceit in which the loss to the victim or victims exceeds $10,000; or
“(ii) is described in section 7201 of title 26 (relating to tax evasion) in which the revenue loss to the Government exceeds $10,000.”
Notably, Clause (i) speaks of “loss to the victim,” Clause (ii) of “revenue loss to the Government.” The Kawashimas contend that Clause (i) covers crimes of fraud or deceit causing losses unrelated to tax revenue. Tax crimes, they argue, are addressed exclusively in Clause (ii), and that clause designates only tax evasion proscribed by 26 U. S. C. § 7201 as an “aggravated felony.” Willfully submitting a false statement proscribed by § 7206, the Kawashimas maintain, is not an “aggravated felony” that would render them deportable under 8 U. S. C. § 1227(a)(2)(A)(iii).
The Government contends that Clause (i) covers all tax offenses involving fraud or deceit, and that Congress included Clause (ii) out of caution, to make certain that persons convicted of tax evasion would be subject to deportation. *492 Under the Government’s construction, because the crime of making a false statement on a tax return involves “fraud” or “deceit,” the Kawashimas committed an aggravated felony. See ante, at 483, 484 (“the words ‘fraud’ and ‘deceit’ are absent from the text of § 7206(1) and are not themselves formal elements of the crime,” nonetheless, “[the] elements [of a § 7206 crime] necessarily entail fraudulent or deceitful conduct”).
The Court’s task is to determine which reading of the statute is correct. If the two proffered constructions of subpar-agraph (M) are plausible in roughly equal measure, then our precedent directs us to construe the statute in the Kawashi-mas’ favor. See Fong Haw Tan v. Phelan, 333 U. S. 6, 10 (1948) (“We resolve the doubts in favor of [the alien] because deportation is a drastic measure . . . .”); INS v. St. Cyr, 533 U. S. 289, 320 (2001) (same).
II
A
In interpreting 8 U. S. C. § 1101(a)(43)(M), I would rely upon the familiar canon that statutes should be interpreted to avoid superfluity. See Corley v. United States, 556 U. S. 303, 314 (2009) (“[0]ne of the most basic interpretive canons” is that a “ ‘statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant . . . (quoting Hibbs v. Winn, 542 U. S. 88, 101 (2004))). If Clause (i) is construed to apply to tax crimes, then Clause (ii)’s discrete inclusion of tax evasion would add nothing, for tax evasion is itself an offense that, in all actual instances of which the Government is aware, “involves fraud or deceit.” See § 1101(a)(43)(M)(i); Tr. of Oral Arg. 30-31.
The elements of tax evasion are the existence of a tax deficiency, willfulness, and “an affirmative act constituting an evasion or attempted evasion of the tax.” Sansone v. United States, 380 U. S. 343, 351 (1965). As this Court’s de *493 cisions indicate, the evasion of taxes involves deceit or fraud upon the Government, achieved by concealing a tax liability or misleading the Government as to the extent of the liability. See, e. g., Spies v. United States, 317 U. S. 492, 499 (1943) (an act of tax evasion may be “any conduct, the likely effect of which would be to mislead or to conceal”). Accordingly, courts have determined that tax evasion is a crime of moral turpitude, because it necessarily involves fraud. See, e. g., Carty v. Ashcroft, 395 F. 3d 1081, 1085, n. 7 (CA9 2005) (fraud is “implicit in the nature of the crime” of tax evasion); Considine v. United States, 683 F. 2d 1285, 1287 (CA9 1982) (“The express language of section 7201 requires an intent to avoid tax (a legitimate synonym for fraud).”); Costello v. INS, 311 F. 2d 343, 348 (CA2 1962) (“There can be no ‘wilful’ [tax] evasion without a specific intent to defraud.”), rev’d on other grounds, 376 U. S. 120 (1964).
Even more to the point, courts have held that a conviction for tax evasion under 26 U. S. C. § 7201 “conclusively establishes fraud in a subsequent civil tax fraud proceeding.” Gray v. Commissioner, 708 F. 2d 243, 246 (CA6 1983); see Klein v. Commissioner, 880 F. 2d 260, 262 (CA10 1989) (conviction under § 7201 “collaterally estops a taxpayer from denying fraud [in a] civil tax case involving the same years”).[1] This preclusive effect obtains, courts have explained, because “‘willful’ [tax evasion] includes all the elements of ‘fraud.’ ” Tomlinson v. Lefkowitz, 334 F. 2d 262, 265 (CA5 1964); see Gray, 708 F. 2d, at 246 (“The elements of criminal tax evasion and civil tax fraud are identical.”); Moore v. United States, 360 F. 2d 353, 356 (CA4 1965) (“[W]hile the criminal evasion statute does not explicitly require a finding of fraud, the case-by-ease process of construction of the civil [fraud] and criminal tax provisions has demonstrated that their constituent elements are identical.”).
*494 Tax offenses span a wide range, from failure to file a tax return, 26 U. S. C. § 7203, to the unauthorized use of tax stamps, §7209. But “the gravest of offenses against the revenues/’ this Court has said, the “capstone” of tax law violations, is tax evasion. Spies, 317 U. S., at 497, 499; see Boulware v. United States, 552 U. S. 421, 424 (2008). Tellingly, the Kawashimas pleaded guilty to a crime carrying a maximum prison term of three years, § 7206; for tax evasion, the maximum term is five years, §7201. It is thus understandable that Congress would single out tax evasion, as it did in Clause (ii), specifically designating it, and no other tax crime, an “aggravated felony” for deportation purposes.
The Court ascribes a different purpose to Clause (ii). Tax evasion, made criminal by § 7201, the Court states, “almost invariably,” but “not necessarily^ involve[s] fraud or deceit.” Ante, at 488. But see supra, at 492-493. Congress likely included Clause (ii), the Court suggests, simply “to remove any doubt that tax evasion qualifies as an aggravated felony.” Ante, at 487. In other words, in holding that Clause (i) includes tax offenses, the Court finds Clause (ii) largely, but not totally, redundant.
In support of the notion that tax evasion can occur without fraud or deceit, the Court cites United States v. Scharton, 285 U. S. 518 (1932); see ante, at 487-488. In that long-obsolete case, the Court rejected the Government’s plea for the application of an extended limitation period to a prosecution for tax evasion. The generally applicable statute of limitations was three years; for tax offenses that involve defrauding the United States, however, the limitation period was six years. An averment of intent to defraud, the Court said in Schar-ton, would be “surplusage,” for it would suffice “to plead and prove a wilful attempt to evade or defeat.” 285 U. S., at 521.
Courts had limited Scharton to its statute of limitations context several decades before Congress enacted § 1101(a) (43)(M) in 1994. See Tseung Chu v. Cornell, 247 F. 2d 929, 936, n. 6 (CA9 1957) (distinguishing Scharton and holding *495 that tax evasion is a crime of moral turpitude because it entails fraud); Lefkowitz, 334 F. 2d, at 265 (distinguishing Scharton and holding that tax evasion necessarily involves fraud). Moreover, Congress, since 1954, has expressly prescribed a six-year limitation period for tax evasion. See 26 U. S. C. § 6531(2). In short, Scharton is a cryptic, thinly reasoned opinion, one that did not influence subsequent federal-court description of the crime of tax evasion. The suggestion that Congress may have worried about Scharton when framing legislation over 60 years later is hardly credible.
The Court presents another reason, drawn from the Government’s brief, why Congress may have treated tax evasion discretely, while embracing tax crimes generally within the Clause (i) category. Section 7201 covers both evasion of assessment and evasion of payment. Imagine a taxpayer who files a truthful return, then moves her assets to a place “beyond the reach of the Internal Revenue Service.” Ante, at 488; see Brief for Respondent 34. The Court acknowledges that evasion-of-payment cases almost always “involve some affirmative acts of fraud or deceit.” Ante, at 488. Still, there may be a rare case in which that is not so. Rare, indeed; imaginary would be an apt characterization. The Government conceded that, to its knowledge, there have been no actual instances of indictments for tax evasion unaccompanied by any act of fraud or deceit. Tr. of Oral Arg. 30-31.
The canon that statutes should be interpreted to avoid superfluity cannot be skirted as easily as the Government here urges. We have declined to interpret legislation in a way that “would in practical effect render [a provision] entirely superfluous in all but the most unusual circumstances.” TRW Inc. v. Andrews, 534 U. S. 19, 29 (2001). It is hardly sufficient for the Government to hypothesize a case in which the provision might have some independent role. See id., at 30. Where, as here, “the Government concede[s] that the independent function one could attribute to the [provision] *496 would [rarely] arise/’ a construction moored to a case “most unlikely” to exist should be rejected. Id., at 31. It is highly improbable that “a proviso accounting for more than half of [the] text” of § 1101(a)(43)(M), i. e., Clause (ii), “would lie dormant in all but the most unlikely situations.” See 534 U. S., at 31.
Congress’ aim in drafting § 1101(a)(43) was to determine which crimes are sufficiently serious to warrant the “drastic measure” of deportation, and which are not. See Fong Haw Tan, 333 U. S., at 10. It is implausible that Congress, when drafting § 1101(a)(43)(M), intended to address, or was even aware of, the Government’s scenario: a taxpayer who files a truthful return, then, to thwart collection of the tax due, moves all her assets offshore. Far more likely, Congress did not intend to include tax offenses in § 1101(a)(43)(M)(i), but instead drafted that provision to address fraudulent schemes against private victims, then added § 1101(a)(43)(M)(ii) so that the “capstone” tax offense against the Government also qualified as an aggravated felony. See swpra, at 494.
B
The Court’s construction of the statute is even less plausible given the numerous offenses it would rank as “aggravated felon[ies].” Many federal tax offenses, like 26 U. S. C. § 7206, involve false statements or misleading conduct. See, e.g., §7202 (failing to truthfully account for and pay taxes owed). Conviction of any of these offenses, if the Court’s construction were correct, would render an alien deportable. So would conviction of state and local tax offenses involving false statements. Ferreira v. Ashcroft, 390 F. 3d 1091,1096-1097 (CA9 2004) (state-law offenses qualify as offenses involving fraud or deceit under 8 U. S. C. § 1101(a)(43)(M)); see, e. g., Del. Code Ann., Tit. 30, § 574 (2009) (submitting a tax return false as to any material matter is a criminal offense); D. C. Code §47-4106 (2001-2005) (same); Ala. Code §40-29-114 (2003) (same); Va. Code Ann. §58.1-1815 (Lexis 2009) *497 (willfully failing to account truthfully for and pay certain taxes is a criminal offense).
Rendering all tax offenses involving false statements “aggravated felon[ies]” that subject an alien to deportation is all the more problematic, for many of these offenses are misdemeanors. Among federal misdemeanors, see, e. g., 26 U. S. C. § 7204 (“furnish[ing] a false” W-2 form to an employee); § 7205 (“supplying] false or fraudulent information” to an employer); § 7207 (filing a return “known ... to be false as to any material matter”). On the state and local level, see, e. g., Cal. Rev. & Tax. Code Ann. § 1610.4 (West 1998) (“Every person who wilfully states anything which he knows to be false in any oral or written statement, not under oath, required or authorized to be made as the basis of an application to reduce any tax or assessment, is guilty of a misdemeanor.”); N. D. Cent. Code Ann. §57-37.1-16 (Lexis 2011) (“Every person who willfully and knowingly subscribes or makes any false statement of facts [on an estate tax return] ... is guilty of a class A misdemeanor.”); Columbus, Ohio City Code §§ 361.31(a)(4), (b), (d) (2009) (any person who “[k]nowingly make[s] and file[s] an incomplete, false or fraudulent [municipal] return” is guilty of a fourth-degree misdemeanor). Nor would the $10,000 threshold set in 8 U. S. C. § 1101(a)(43)(M) prevent deportation for tax crimes far less serious than willful tax evasion, for as many as six years may be included in the amount-of-loss calculation. See 26 U. S. C. § 6531 (setting a six-year statute of limitations for, inter alia, tax crimes involving fraud or falsity); Brief for Johnnie M. Walters as Amicus Curiae 15-16 (hereinafter Walters Brief).[2]
*498 Finally, the Court’s decision has adverse consequences for the efficient handling of tax prosecutions. It is often easier for the Government to obtain a conviction under § 7206 (false statements) than under §7201 (tax evasion). See United States v. Olgin, 745 F. 2d 263, 272 (CA3 1984) (unlike a conviction under § 7201, a conviction under § 7206 does not require proof of a tax deficiency); Considine, 683 F. 2d, at 1287 (unlike a conviction under § 7201, a conviction under § 7206 does not require proof of an attempt to escape a tax). For this reason, the Government has allowed taxpayers to plead guilty to a § 7206 charge in lieu of going to trial under § 7201 on an evasion charge. See Walters Brief 19-20. Deportation consequences are important to aliens facing criminal charges. See Padilla v. Kentucky, 559 U. S. 356, 373 (2010) (“[Preserving the client’s right to remain in the United States may be more important to the client than any potential jail sentence.” (quoting St. Cyr, 533 U. S., at 322)). If a §7206 charge carries the same prospect of deportation as a § 7201 charge, then an alien’s incentive to plead guilty to any tax offense is significantly reduced.
* * *
For the reasons stated, I would hold that making a material, false statement on a tax return does not qualify as an aggravated felony within the compass of 8 U. S. C. § 1101(a)(43)(M)(i). I would therefore reverse the judgment of the Court of Appeals for the Ninth Circuit.

 See also, e. g., Blohm v. Commissioner, 994 F. 2d 1542, 1554 (CA11 1993); Fontneau v. United States, 654 F. 2d 8,10 (CA1 1981) (per curiam)-, Plunkett v. Commissioner, 465 F. 2d 299, 307 (CA7 1972).

 One might also ask what reason Congress would have for making a tax misdemeanor a deportable offense, while more serious crimes do not jeopardize an alien’s residency in the United States. See, e. g., Leocal v. Ashcroft, 543 U. S. 1, 11-12 (2004) (driving while drunk, causing serious bodily injury to others is not an aggravated felony).