**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

   v.

GEORGE STEVEN PARKER,

          Defendant - Appellant.

No. 10-56722

D.C. No. 3:07-cv-01969-H-AJB

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted December 17, 2013[**]
San Francisco, California

Before: CLIFTON, N.R. SMITH, and CHRISTEN, Circuit Judges.

George Steven Parker appeals the district court's grant of summary

judgment to the United States in its suit seeking to reduce to judgment Parker's

federal income tax liability. Representing himself on appeal, Parker claims that he

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

introduced evidence creating a triable issue of fact respecting (1) the government's tax assessment, (2) whether this assessment (if valid) was discharged in his personal bankruptcy, and (3) the validity of the government's liens on his pre-bankruptcy property.

We review Parker's appeal from the grant of summary judgment de novo, viewing the evidence in the light most favorable to Parker. *Palmer v. Comm'r*, 116 F.3d 1309, 1311 (9th Cir. 1997). Therein, we must determine whether there are any "genuine issues of material fact precluding summary judgment" in favor of the United States. *Id.*

## I.

In a collection case brought by the United States to reduce its tax assessments to judgment, "the government bears the initial burden of proof." *Id.* at 1312. The government's Certificates of Assessments and Payments satisfied this initial burden here and created a presumption of correctness. *Id.* at 1311. The amounts are supported by the language of the superseding information to which Parker plead, *see United States v. Cazares*, 121 F.3d 1241, 1246 (9th Cir. 1997) ("We have consistently held that a defendant's plea of guilty conclusively admits all factual allegations of the indictment."), Parker's coworkers' testimonies, his own testimony, and statements by Parker's attorney at the plea hearing, *see United*

*States v. Hernandez-Hernandez*, 431 F.3d 1212, 1219 (9th Cir. 2005) ("[W]e have repeatedly held that criminal defendants are bound by the admissions of fact made by their counsel in their presence and with their authority."). Further, Parker has failed to provide evidence showing "that the deficiency was arbitrary or erroneous." *Hardy v. Comm'r*, 181 F.3d 1002, 1004 (9th Cir. 1999). His attempt to raise a genuine issue of fact, by arguing that the balance of his loan account with Arcwel (the partial basis of the IRS's assessment calculations) was inaccurate, fails without evidence to support the argument. *See Bradford v. Comm'r*, 796 F.2d 303, 306 (9th Cir. 1986) (An appeal will generally be unsuccessful "where the taxpayer kept inadequate records . . ., and then relied mainly on testimony to challenge the Commissioner's reconstruction of income ."). Thus, there is no genuine factual dispute respecting the amounts Parker owes the government.[1]

## II.

A debtor's discharge in bankruptcy may be excepted "for a tax . . . with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax." 11 U.S.C. § 523(a)(1)(C). The government must demonstrate "(1) a knowing falsehood; (2) an intent to evade taxes; and (3) an

---

[1] The government's Certificates of Assessments and Payments show Parker failed to report $580,459 of income in 1986 and at least $633,799 in 1987.

underpayment of tax." *Considine v. United States*, 683 F.2d 1285, 1286 & n.1 (9th Cir. 1982). "[E]xceptions to discharge should be strictly construed against an objecting creditor and in favor of the debtor." *Snoke v. Riso (In re Riso)*, 978 F.2d 1151, 1154 (9th Cir. 1992).

Parker's guilty plea to a violation of 26 U.S.C. § 7206(1) estops him from claiming that the returns were not willfully false and did not result in an underpayment of tax. *Considine*, 683 F.2d at 1287. However, his "conviction under § 7260(1), without more, does not establish fraudulent intent." *Id.*; *McKay v. United States*, 957 F.2d 689, 691 (9th Cir. 1992).

Regarding intent, Parker alleges a material factual dispute. Although his testimony respecting his corporate loan account and its balance has been inconsistent, Parker has consistently testified that he embezzled the funds to save Arcwel from involuntary bankruptcy and that he did not act with an intent to evade taxes. This view of the evidence may be reasonably inferred from the record. *See Provenz, v. Miller*, 102 F.3d 1478, 1489 (9th Cir. 1996) ("Cases where intent is a primary issue generally are inappropriate for summary judgment unless *all* reasonable inferences that could be drawn from the evidence defeat the plaintiff's claim."). Further, the fact that this evidence's basis is primarily Parker's testimony does not weaken its relevance, because it is more than conclusory, *see id.* at 1490-

91, and credibility determinations are prohibited at the summary judgment stage. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Therefore, the district court should not have granted summary judgment in favor of the United States under § 523(a)(1)(C) for an exception to discharge. *See Provenz*, 102 F.3d at 1489.

III.

Parker's tax liability and penalties for 1984 as well as his penalties (and interest on those penalties) for the 1986 and 1987 tax year were discharged by the 2009 bankruptcy action. Though this discharge relieved Parker from personal liability, the prepetition tax liens on his property remain enforceable after the discharge. *Dewsnup v. Timm*, 502 U.S. 410, 417–18 (1992); *Isom v. United States (In re Isom)*, 901 F.2d 744, 745 (9th Cir. 1990). Accordingly, the district court properly granted summary judgment to the government on this issue.

**AFFIRMED** in part, **REVERSED** and **REMANDED** in part. The parties shall bear their own costs.